ROGERS, Justice.
 

 This is an intestate succession, in which the widow of the deceased opposed the administrator’s final account. This account shows assets amounting to $4,312.52 and privileged and ordinary debts amounting to $768.77. Opponent claimed the marital fourth, and, in the alternative, her rights and titles to her lawful portion of the estate. The administrator moved to dismiss the Opposition, on the ground that opponent’s claim- to the marital fourth could not prevent the payment of the debts of the succession. The motion prevailed in the district court, the trial judge holding that in order to properly claim her marital fourth the widow must proceed by separate action against the heirs after settlement and liquidation of the succession. On appeal the judgment was annulled, this court holding that the widow was not required to proceed in the manner pointed out by the trial judge and that her pleadings were sufficient to entitle her to claim not only the marital fourth, but also, in the alternative, to claim $1,000, or her widow’s homestead, as a widow in necessitous circumstances. Accordingly, the case was remanded for the purpose of having the widow’s opposition tried and determined on all the claims therein set up. Succession of Tacon, 186 La. 418, 172 So. 513.
 

 After the case was remanded to the district court, the widow filed a supplemental and amended opposition to the administrator’s account, in which she specifically asserted her right to $1,000, or widow’s homestead, as a widow in necessitous circumstances, claiming a lien and privilege on the assets of the succession for the payment of that amoirnt. The opposition as amended was heard in the district court, and again was dismissed by the
 
 *513
 
 trial judge. From that judgment, opponent is prosecuting this appeal.
 

 On the retrial of her opposition, the widow, considering it would be to her advantage to do so, abandoned all her claims, except the one for the $1,000 homestead as widow in necessitous circumstances. The administrator insists that she could not do this, and that her opposition must be restricted to the claim for the marital fourth.
 

 We find no merit in the contention of the administrator. The law gives the opponent, as widow in necessitous circumstances, the right to claim the marital fourth, Civ.Code, art. 2382, or the right to claim the $1,000 widow’s homestead, Civ.Code, art. 3252. She may assert either, but not both, of those rights. We see no reason why she may not assert that one of the rights which will be more advantageous to her and afford her more protection. In our opinion, the assertion of either right is not dependent upon the solvency or the insolvency of the succession.
 

 The administrator cites Succession of Justus, 44 La.Ann. 721, 11 So. 95, 96, and Richard v. Lazard, 108 La. 540, 32 So. 559, in support of his contention.
 

 It is true that in the Succession of Jus-tus the organ of the court in the course of the opinion stated that: “It [‘the marital fourth’] may be assimilated to the charity or bounty extended or conferred on the necessitous widow or minor heirs by the act of 1852 (now article 3252, Rev.Civil Code) with this difference: that the marital fourth is taken from a solvent succession or the heirs, while the $1,000 [‘widow’s homestead’] are allowed in insolvent successions in preference to creditors. Both are laws in derogation of common right.” It is also true that the language quoted from the Succession of Justus was referred to in the opinion handed down in the case of Richard v. Lazard. But the statement was wholly unnecessary to the legal questions disposed of in those cases.
 

 In the Succession of Justus, the question submitted for decision was whether the heirs of the husband who survived his predeceased wife only seven days could recover the marital fourth which their father was entitled to take from the succession of his wife, this court holding that they could not. And in the case of Richard v. Lazard the question involved was whether an unfaithful wife who- had abandoned her husband was entitled to recover from his succession the $1,000 reserved as a preferential claim to a widow in necessitous circumstances, this court holding that she was not. That ruling, however, was not followed in a number of decisions subsequently rendered by this court. Veillon v. Lafleur’s Estate, 162 La. 214, 110 So. 326, and cases therein cited.
 

 The statement is correct that the marital fourth is taken from a solvent succession or the heirs. Obviously, if the succession is insolvent, there' is nothing for the claimant to take. The statement is also correct that the widow in necessitous circumstances enjoys a preferential claim for $1,000 in an insolvent succession. The statement literally taken does not say that the widow’s claim for $1,000 cannot be set up in a solvent succession. If such be
 
 *515
 
 its implication, then we think that the statement is erroneous.
 

 A privilege is a right which the nature of the debt gives the creditor, and which entitles him to be preferred before other creditors, even those who have mortgages. Civ.Code, art. 3186.
 

 There must he a debt or obligation where a privilege exists. The privilege arises from the nature
 
 pi
 
 the debt or obligation, from which, however, it is entirely distinct. A privilege is an incident to the debt or obligation which it secures, and it is also a remedy therefor. But, while the debt or obligation may be enforced with the aid of the privilege, it may also be enforced if circumstances warrant without such aid. In a solvent succession there is no necessity for asserting the privilege protecting the widow’s homestead of $1,000. It is only where a succession is insolvent that the necessity arises for asserting such privilege. But, whether the succession be solvent or insolvent, the widow in necessitous circumstances is entitled to the preferentiál claim for $1,000 to be paid out of the assets of the succession.
 

 It is not so important that article 3252 of the Civil Code is to be found under the title treating of “Privileges” and not in that portion of the Code covering “Successions” or “Marriage Contracts,” as it is that the codal article itself creates the debt or obligation in favor of the widow in necessitous circumstances as well as the privilege by which that debt or obligation is secured.
 

 The preferential right granted the widow in necessitous circumstances to claim a homestead of $1,000 out of the succession of her deceased husband is not derived from the Spanish or French laws. Neither does it appear in the Digest of Civil Laws of the Territory of Orleans adopted in 1808, nor is it embodied in "the articles of the Civil Code of 1825.
 

 The right was originally created by Act. No. 255 of 1852. The statute was enacted, as shown by its title, “To provide a homestead for the widow and children of deceased persons.” The first section of the act provides: “That whenever the widpw or minor children of a deceased person shall be left in necessitous circumstances and not possess in their own right property to the amount of one thousand dollars, the widow or legal representatives of the children, shall be entitled to demand and receive from the succession of their deceased father or husband, a sum which added to the amount of property owned by them or either of them, in their own right, will make up the sum of one thousand dollars, and which said amount shall be paid in preference to all other debts, except those for the vendor’s privilege, and expenses incurred in selling the property.” The second section of the act provides: “That the surviving widow shall have and enjoy the usufruct of the money so received from her deceased husband’s succession, during her widowhood, afterwards to vest in, and belong to the children or other descendants of said deceased.”
 

 Act No. 255 of 1852 was reproduced in article 3252 of the Civil Code of 1870. It was also reproduced in the Revised Statutes of 1870 in section 2885 under the head of “Privilege,” and in sections 1693 and 1694
 
 *517
 
 under the head of “Homestead and Exempted Property.”
 

 Article 3252 of the Civil Code was amended by Act No. 17 of 1917, Ex.Sess., and by Act No. 242 of 1918. These amendments merely provide that debts ranking the widow’s homestead claim shall be the vendor’s privilege on both movables and immovables and debts secured by conventional mortgages, as well as the expenses incurred in selling the property.
 

 Act No. 252 of 1855 provides that: “The widow (in necessitous circumstances) or the legal representatives of the (minor) children shall be entitled to demand and receive from the succession of the deceased husband or father, a sum which added to the amount of property owned by them or either of them, in their own right, will make up the sum of one thousand dollars.” Following this proyision is another provision declaring: “Which amount (an amount up to $1000.) shall be paid in preference tecali other debts, except those for the vendors privilege, and expenses incurred in selling the property.” These statutory provisions were embodied ipsissimus verbis in article 3252 of the Civil Code and also in sections 1693 and 2885 of the Revised Statutes. And they are not changed in the codal article by the amendments thereof, except that the ranking vendor’s privilege is declared to embrace both movables and immovables, and conventional mortgages are made to prime the widow’s homestead.
 

 Thus, it will be seen that the original statute, the article of the Code and the sections of the Revised Statutes in which it is reproduced, first create the debt or obligation of the succession (solvent or insolvent) of a deceased husband to his necessitous widow up to the sum of $1,000; and then, secondly, secure the payment of the debt or obligation by according it a privilege over “all other debts” of the succession, except those secured by the vendor’s privilege and expenses of selling the property. The privilege established by law for the security of the debt or obligation created by law is of particular value to the necessitous widow when used as a remedy for enforcing the debt or obligation due her by an insolvent succession. But this does not preclude her from asserting her preferential right when the debt or obligation is due her by a solvent succession.
 

 There are no children of opponent’s marriage, and it is not disputed that she is in necessitous circumstances and is not possessed of any property in her own right. In these circumstances, she is entitled to recover from the succession of her deceased husband the full amount of $1,000 allowed by law as her widow’s homestead.
 

 For the reasons assigned, the judgment herein appealed from is annulled, and it is now ordered that the opposition of Mrs. Leonora Dupuy Tacón to the final account of Marcel L. Tacón, administrator of the succession of Edward L. Tacón, be maintained to the extent of her claim for the widow’s homestead. It is further ordered that opponent as widow in necessitous circumstances be recognized as a privileged creditor of the succession of Edward L. Tacón for the sum of $1,000, and, accord
 
 *519
 
 ingly, that she be placed on the administrator’s account as a creditor of the succession for $1,000, which amount is to be paid opponent out of the assets of the succession of Edward L. Tacón, in preference to all other debts, except those for the vendor’s privilege on movables or immovables, debts secured by conventional mortgages, and the expenses of selling the property, if there be any. All the costs of this proceeding to be borne by the succession.
 

 HIGGINS, J., absent.'