182 So. 133

Succession of TACON.

No. 34841.

May 30, 1938.

Robert E. Baird, of New Orleans, for appellant.

Alden W. Muller, of New Orleans, for appellee.

FOURNET, Justice.

This matter is now before us for the third time on an appeal by the surviving widow of the deceased from the judgment of the lower court in an effort to have her rights and claims as widow in necessitous circumstances established and recognized.

The deceased, Edward L. Tacon, died intestate on May 19, 1936, leaving surviving him a widow, Mrs. Leonora Dupuy Tacon, and also a son and daughter, both majors, issue of a previous marriage, as his sole and only heirs at law. On the joint petition of the heirs, the succession was duly opened to probate; an inventory of the assets of the succession was made, which showed that the decedent left an estate aggregating $4,312.52, consisting of a residence appraised at the sum of $3,500; household furniture appraised at $43.75, and cash in the bank amounting to $768.77; and on June 4, 1930, letters of administration of the succession were issued to Marcel M. Tacon. On June 22, 1936, the administrator filed his final account showing ordinary and privileged debts of the succession amounting to the exact amount of cash inventoried, $768.77. This account was opposed by the surviving widow, who had been ignored in the account, claiming that she was entitled to the marital fourth provided for in Article 2382 of the Revised Civil Code; and in the alternative: (1) that, as widow in commun-

ity, she was entitled to one-half of the cash and the movables; and (2) that, as widow in necessitous circumstances, she claimed her "rights and title to her lawful portion of the estate." The widow's opposition was dismissed on motion of the administrator "on the ground that opponent's claim to the marital 'fourth could not prevent the payment of the debts of the succession." On appeal we reversed the ruling of the court and held that the lower court erred in dismissing opponent's claims when her alternative pleas were not at issue and in any event that she was entitled to proceed as she did with reference to her primary demand, and remanded the case for the purpose of having her claims determined. Succession of Tacon, 186 La. 418, 172 So. 513. Whereupon opponent filed a supplemental and amended opposition to the account wherein she specifically claimed her rights as widow in necessitous circumstances under Article 3252 of the Revised Civil Code, and later abandoned all her claims except that to the $1,000. Her opposition, as amended, was again dismissed by the trial judge, and on appeal we reversed the ruling of the court and ordered that opponent as "widow in necessitous circumstances * * * be recognized as a privileged creditor of the succession of Edward L. Tacon for the sum of $1,000, and, accordingly, that she be placed on the administrator's account as a creditor of the succession for $1,000 * * *." The judgment was rendered on November 29, 1937, and became final fifteen days thereafter. Succession of Tacon, 188 La. 510, 177 So. 590, 593. On January 13, 1938, the administrator re-cast his account, which he styled an "amended and provisional account," showing debts of the succession which he proposed to pay, aggregating ninety-nine cents short of the amount of cash the succession had on hand. The widow was listed as a creditor for $1,000 against which she was charged with (1) the value of furniture, $43.75; (2) the rental value for the occupancy of the property belonging to the succession from the date of decedent's death, May 19, 1936 to January 19, 1938, or 20 months at $25 per month, $500; and (3) the estimated cost of replacing plumbing fixtures alleged to have been removed from said premises by opponent, $100, aggregating $643.75, leaving a net balance due her of $356.25. The account was opposed by the widow insofar as the three above referred to items charged against her are concerned. The trial judge rejected the items Nos. 1 and 3, but otherwise approved and homologated the account. Opponent has appealed from that judgment and the administrator has answered the appeal praying that the judgment of the lower court be amended so as to allow the succession $25 per month as rental for each additional month opponent continues to occupy the premises.

The sole question for consideration therefore is the correctness of the judgment of the trial court approving the item on the account charging the widow with the value of the occupancy of the property belonging to the succession at $25 per month.

Counsel for appellee has referred us to the Succession of Marc, 29 La.Ann. 412, as being "on all fours with the one at bar and the only case on this subject." Counsel for appellant, however, contends that the

Marc Case is "highly dubious authority" because the widow in that case was the decedent's former concubine until within twelve days of his death when she married him and that as the testamentary executrix of his estate, she was charged with a fair rental value of the property, and the Court erroneously cited, as authority for its holding, the Succession of Tobias Drum, 26 La.Ann. 539, for in the Drum Case the widow and testamentary executrix was charged with money she had received as rentals from the property belonging to the estate and not for the occupancy thereof.

Pretermitting the question thus raised, we find the record in this case barren of any evidence supporting the charge against the widow of $25 per month for twenty months as a fair value of the occupancy of the property belonging to the succession. This Court, in the case of Succession of P. C. Clairteaux and U. Clairteaux, 35 La. Ann. 1178, affirmed the judgment of the lower court dismissing the oppositions filed by the respective creditors thereof to the widow's homestead of $1,000 to have the same "credited with the value of the occupancy and enjoyment of the property from the time of death to the date of sale." In the instant case, as was stated in the Clairteaux Successions, "nothing shows that the occupancy of this small property was worth more than what it would have cost to pay a keeper to take care of it." The case at bar, unlike the foregoing, is solvent, but it is perfectly evident that the real estate here as there was "exposed at any time to be sold for the payment of the debts"

of the succession, because there is not enough cash on hand to pay them.

We therefore conclude that the judgment of the trial judge approving that part of the account charging the opponent with the value of the occupancy of succession property is not supported by any evidence and is unwarranted under the record.

For the reasons assigned, the judgment of the lower court is amended by disallowing and rejecting the claim of $500 for the rental value of the occupancy of the property by the widow, and as thus amended, the judgment is affirmed; all costs to be paid by appellee.

O'NIELL, C. J., does not take part.