674 So.2d 1128 (1996)
CITY OF OPELOUSAS, et al., Plaintiff-Appellant,
v.
Robert L. WATERBURY, Defendant-Appellee.
No. 95-1238.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
Rehearing Denied July 3, 1996.
*1129 Minos H. Armentor, New Iberia, for City of Opelousas.
Scott Gerard Vincent, New Orleans, for Robert L. Waterbury.
Before THIBODEAUX, SAUNDERS and AMY, JJ.
AMY, Judge.
This appeal arises from two cases which were consolidated for trial.[1] The trial court declared that the assessment of Mr. Waterbury's property pursuant to a 1985 special assessment ordinance had prescribed, and that all liens and privileges on such property allegedly arising from the recordation of a 1992 supplemental assessment ordinance were null and void. For the following reasons, we affirm in part, reverse in part and render.

DISCUSSION OF THE RECORD
The following are the pertinent facts which were stipulated to by both parties:
By resolution, the City of Opelousas ("City") gave notice of its intention to construct paving improvements along portions of certain streets within the City of Opelousas.
On April 23, 1985, the City provided written notice to each property owner proposed to be assessed stating that after thirty days from the date of notice, their property would be assessed for the amount shown in the notice.
Certain property owned by Robert L. Waterbury, described as that one lot bounded on *1130 the north by Waterbury, on the South by South Street, on the east by Waterbury and on the west by Opelousas Housing Authority, with a frontage of 905 feet along the north side of South Street, was included in the property proposed to be assessed for street improvement. Thus, Mr. Waterbury was provided with written notice of the proposed assessment on April 23, 1985. The notice stated that his property would be assessed in the amount of $51,132.50 after 30 days from the date of the notice.
On June 11, 1985, the Mayor and the Board of Aldermen adopted the 1985 special assessment. The assessment adopted included Mr. Waterbury's property.
Section 3 of the special assessment stated as follows:
That the amounts herein assessed shall be due and collectable immediately upon the passage of this ordinance and if not paid at the City Hall, City of Opelousas, Louisiana, on or before July 16, 1985, it will be conclusively presumed that any property owner whose property is affected hereby exercises the right and option which is hereby authorized to pay the respective amounts due and herein assessed by this ordinance in ten (10) equal installments extending over a period of ten (10) years bearing interest at a rate not exceeding twelve per centum (12%) per annum from date hereof until paid, such interest rate to be subsequently established by resolution of this Mayor and Board of Aldermen, after taking into consideration the average interest cost the City will have to pay on any Paving Certificates sold by the City to finance the cost of the proposed improvements. The first annual installment shall become due and payable on June 11, 1986, and the subsequent annual installments shall become due and payable on June 11th of each year thereafter. The failure to pay any installment and the interest thereon when due shall ipso facto cause all other installments and the interest thereon to become due and payable, and the City shall, through its proper authority and within thirty (30) days from the date of such default proceed against the property or properties on which such defaults may exist by filing suit in a court of competent jurisdiction to have such property or properties immediately seized and sold for the collection of the total amount due thereon, including interest plus ten per cent (10%) additional on principal and interest unpaid as attorney's fees, all as provided for by Sub-Part A, Part I, Chapter 7C, Title 33 of the Louisiana Revised Statutes of 1950.
On June 13, 1985, the special assessment was filed in the mortgage records for the Parish of St. Landry. However, due to the exclusive fault of the City, page 35 of the assessment, which included the assessed Waterbury property, was omitted from the copy of the ordinance which was filed.
Mr. Waterbury never paid any amount of the assessment. On June 25, 1991, the City sent a letter to Mr. Waterbury notifying him of its intentions to institute legal proceedings if the assessment was not paid. On June 27, 1991, Mr. Waterbury's attorney sent a letter to the City stating that the City no longer had a valid claim against the Waterbury property.
On April 14, 1992, the Mayor and Board of Aldermen adopted the 1992 supplemental assessment ordinance. The 1992 ordinance assessed only the Waterbury property and the assessment was based solely upon the same pavement improvements constructed pursuant to the 1985 special assessment.
On May 15, 1992, Robert L. Waterbury filed a petition for a declaratory judgment and for injunctive relief against the City. In the petition, Mr. Waterbury sought a decree declaring the 1992 supplemental assessment ordinance passed by the City, null and void, and also an order for the City to rescind the assessment since it was an attempt to reassess the same property based upon the paving improvements made pursuant to the 1985 assessment ordinance. The petition also sought a decree declaring that the 1985 special assessment had prescribed or been perempted.
On May 18, 1993, the City filed an in rem proceeding against the Waterbury property to recover $51,132.50, the amount assessed for the paving improvements, plus interest as *1131 provided for in the assessment and in La. R.S. 33:3306, and also for attorney's fees as provided for in La.R.S. 33:3306. In its petition, the City alleged that it "is entitled to proceed in rem against said property and to have its lien and privilege recognized and enforced." On November 23, 1993, a motion to consolidate was granted consolidating the two aforementioned suits for trial.
The two consolidated cases were submitted for a trial on the merits by briefs and stipulations. The trial court found that Mr. Waterbury's property was assessed by the 1985 special assessment, but that the assessment of this property was omitted from the copy filed in the mortgage records. The trial court found that since the Waterbury property was not included in the recordation of the 1985 special assessment, and because under La.R.S. 33:3306, the City only has thirty days from the date of default to proceed against property assessed, any rights which the City had against the Waterbury property had prescribed. The trial court also found that the 1992 supplemental assessment ordinance was without effect. The trial court found that the 1992 supplemental assessment was passed for the sole purpose of assessing Waterbury's property for the same paving improvements which had already assessed in 1985. The trial court therefore held that the City could not be allowed, six years later, to correct an administrative error, rather than an error in description. Thus, the trial court ruled that the 1992 supplemental assessment ordinance was void and without effect.
The City appeals asserting multiple assignments of error, which we categorize as falling into the following three issues: (1) whether the 1985 special assessment ordinance was valid, and if so, whether the City had a lien and privilege against the Waterbury property based upon this assessment, (2) whether the 1992 supplemental assessment ordinance was valid, and (3) whether the 1985 assessment had prescribed or been perempted.
For the reasons which follow, we affirm the trial court's decision finding the 1992 supplemental ordinance void and without effect. However, we reverse with respect to the trial court's decision finding that the City's claim based upon the 1985 special assessment had prescribed and enter judgment accordingly.

ANALYSIS
The City argues that the Waterbury property was not validly assessed by the 1985 special assessment because it was not included in the copy of the ordinance filed in the mortgage records. Consequently, the City contends that the failure to include the Waterbury property constituted an error which was corrected by the 1992 supplemental assessment ordinance pursuant to the authority of La.R.S. 33:3306.

Validity of the 1985 Assessment Ordinance:
First, we consider the validity of the 1985 assessment against the Waterbury property. La.R.S. 33:3301, et seq. governs special assessments adopted by a governing authority for paving improvements. According to La.R.S. 33:3306, after complying with the notice requirements of Title 33, the municipality shall adopt an ordinance levying a special assessment on each lot or parcel of real estate abutting the street to be improved. La.R.S. 33:3306(C) further provides, in part, as follows:
"The amount assessed in the ordinance shall be due and collectible immediately on its passage, and if not paid within thirty days from the date of the adoption of the ordinance, it will be conclusively presumed that any property owner whose property is affected thereby, exercises the right and option, which is hereby authorized, to pay the amount due in equal annual installments bearing interest ... and extending over a period not exceeding twenty years... The first installment shall become due on December 31st of the then current year, or one year after the date of the assessment ordinance herein provided for ... and annually thereafter ... The failure to pay any installments or the interest thereon when due, shall ipso facto cause all other installments and the interest thereon to become due and payable and the municipality shall within thirty days from date of such default, proceed against the property for the collection of the total amount due thereon, including interest ..." (emphasis provided).
*1132 By the plain reading of the statute, the debt attaches to the property immediately upon the passage of the ordinance. There is no question, under the facts stipulated to by the parties, that the City followed all the requisite formalities in adopting the 1985 special assessment ordinance. Also, it is not disputed that the Waterbury property was included in such ordinance. Therefore, we conclude that the Waterbury property was validly assessed upon the passage of the 1985 special assessment ordinance.
The City argues that the assessment against the Waterbury property was invalid since the Waterbury property was erroneously omitted from the copy which was filed in the mortgage records. This argument assumes that recordation is a prerequisite to the validity of an assessment passed pursuant to La.R.S. 33:3306. We disagree. As noted above, "[t]he amount assessed in the ordinance shall be due and collectible immediately on its passage." La.R.S. 33:3306(C) (emphasis provided). By the plain language of the statute, there is no other prerequisite to attachment of the debt except for the passage of the ordinance which includes that assessment.
According to La.R.S. 33:3306(C):
A certified copy of the ordinance levying the local or special assessments on the real estate shall be filed with the clerk of court in the parish in which the municipality is situated, who shall forthwith record the same in the mortgage records of the parish, and when so filed and recorded, shall operate as a lien and privilege against all real estate therein assessed, and which aforesaid lien and privilege shall prime all other claims except taxes, and prior recorded local or special assessments levied for streets, sewerage or water improvements.
However, this provision requiring the municipality to record a certified copy of the ordinance in the mortgage records, does not appear to us to affect the basic obligation which the debtor has for the paving assessments. It only affects the lien or privilege which the City obtains, under the statute by timely recordation, to secure payment of the amount assessed.
A lien and privilege consists of a right of preference on property granted by statute to the creditor as security for its claim. Toomer v. City of Lake Charles, La., 392 So.2d 794 (La.App. 3 Cir.1980), writ denied, 396 So.2d 931 (La.1981). As such it is an accessory right separate and apart from the principal debt which it secures. Rollette v. State Farm Automobile Ins. Co., 619 So.2d 832 (La.App. 1 Cir.1993); See also Succession of Tacon, 188 La. 510, 177 So. 590 (1937). Defects in an accessory right have no effect on the principal debt which it secures. Therefore, we conclude that the failure to include the Waterbury property in the copy of the ordinance filed into the mortgage records had no effect on the basic validity of the assessment against such property. The only effect of this failure was that the City did not obtain a lien and privilege against the property to prime all other claims on said real estate except taxes and prior recorded assessments.
Since we have concluded that the Waterbury property was validly assessed by the 1985 special assessment ordinance, we must next determine whether there was any error in description or amount in the 1985 assessment so as to warrant and permit the 1992 supplemental assessment.

Validity of the 1992 Supplemental Assessment Ordinance:
The City argues that it was an error in the original assessment to fail to include the Waterbury property in the copy of the 1985 special assessment ordinance which was filed into the mortgage records. La.R.S. 33:3306(C) provides, in part, that:
Any errors in descriptions or amounts in any assessment ordinance adopted pursuant to this section may be corrected by the adoption of an amendatory ordinance which need set forth only the corrected descriptions or amounts and which amendatory ordinance shall be recorded in the same manner as the original ordinance levying the assessments.
This provision provides that errors in descriptions or amounts in an assessment ordinance can be corrected by way of an amendatory ordinance. As previously discussed, *1133 the assessment ordinance was validly passed. The language of the statute gives the City the authority to pass an amendatory ordinance which corrects an error in the original assessment ordinance as adopted by the appropriate governing authority. Here the only error urged is that the page of the assessment which included the Waterbury property was erroneously omitted from the copy of the ordinance filed into the mortgage records. This is an administrative error which occurred after the ordinance had been adopted rather than an actual error in description or amount contained within the assessment ordinance. Therefore, we conclude that the provision contained in La.R.S. 33:3306(C) does not apply to this situation and that the 1992 supplemental assessment ordinance amounted to an attempt to reassess only the Waterbury property for paving improvement conducted pursuant to the 1985 assessment. Accordingly, we conclude that the trial court properly found that the 1992 supplemental assessment and the lien and privilege resulting from its recordation have no effect.

Prescription on the 1985 Assessment Ordinance:
Because we find that the City has a claim against the Waterbury property pursuant to the 1985 special assessment ordinance, we must next consider whether that claim has prescribed.
La.R.S. 33:3746, entitled "Prescription of claims, liens and privileges for local or special assessments for paving and sewerage improvements; reinscription," states, in part, as follows:
Claims, liens, and privileges resulting from the levying of local or special assessments by any parish, municipality, sewerage district, or other special taxing district to cover the cost of constructing, paving, surfacing, resurfacing, or otherwise improving streets, roads, sidewalks, and alleys or the cost of the construction, installation, or maintenance of sewerage systems shall prescribe three years after the date on which the final installment or deferred payment of said local or special assessment becomes due and payable under the terms of the ordinance or resolution levying the assessment, provided that no acceleration of the due or payment date of any such installment or deferred payment as a result of default in payment thereof shall change the prescription date herein established and existing on the date of recordation in the mortgage records of said ordinance or resolution creating the levy.
La.R.S. 33:3746(A).
La.R.S. 33:3306(C) provides that upon the failure to pay an installment or the interest due thereon, "the municipality shall within thirty days from the date of such default, proceed against the property for the collection of the total amount due thereon, including interest, plus ten percent additional on the principal and interest of the past due installment or installments or ten percent of the amount sued for, and in the event judgment is necessary to effect collection, ten percent of the amount of the judgment rendered, as attorney's fees."
The issue on appeal is whether the prescriptive period for the City's claim against the Waterbury property is three years under La.R.S. 33:3746(A) or thirty days under 33:3306(C). According to La.Civ. Code art. 13, "[l]aws on the same subject matter must be interpreted in reference to each other." This article makes it the duty of courts to harmonize and reconcile statutes if possible. State In Interest of A.C., 93-1125 (La. 1/27/94), 643 So.2d 719. However, where two statutes deal with the same subject matter and cannot be harmonized, the one which specifically addresses the matter at issue must prevail. Moolekamp v. Rubin, 562 So.2d 1134 (La.App. 4 Cir.), writ denied, 567 So.2d 108 (La.1990).
Based upon the above principles of law, we conclude that the prescriptive period applicable to a claim by the City for paving assessments is three years as provided by La.R.S. 33:3746 entitled "Prescription of claims, liens and privileges for local or special assessments for paving or sewerage improvements; reinscription" since it specifically addresses the precise issue at hand. Additionally, we conclude that this three year prescriptive period begins to run on the date *1134 when the final installment or deferred payment of the special assessment becomes due and payable under the assessment ordinance, and that acceleration of the total amount due because of a default in an installment payment has no effect on the prescriptive period. La.R.S. 33:3746(A); City of Lafayette v. Marks Const. Co., 317 So.2d 232 (La.App. 3 Cir.), writ denied, 320 So.2d 563 (La.1975).
According to the stipulation of the parties, Mr. Waterbury's first installment on the 1985 assessment became due on or before June 11, 1986. He was to pay ten equal installments. Therefore, his last installment would have been due on June 11, 1995. According to La.R.S. 33:3746, prescription on the 1985 assessment did not begin to run until June of 1995, and the claim would not have prescribed until June of 1998. The present action was filed by the City in May of 1992. In view of this, the claim had not prescribed.
Additionally, we believe that the provision of La.R.S. 33:3306(C), which provides that the City shall proceed against the property within thirty days, does not affect the City's claim for the principal amount of the assessment plus interest as provided in the assessment. This provision only applies to the City's claim for the additional ten (10) percent of the past due installments and the ten (10) percent of the amount rendered in judgment as attorney's fees as provided for in La.R.S. 33:3306(C). Therefore in order to recover the additional ten percent of the principal and interest due and in order to recover attorney's fees, according to La.R.S. 33:3306(C), the City must have proceeded against the property for collection of the amount due within thirty days from Mr. Waterbury's default. The City failed to do so; therefore, we conclude that it is not entitled to such relief.

DECREE
For the reasons assigned above, we affirm the trial court's ruling that the 1992 supplemental assessment ordinance is void and without effect. However, we reverse the trial court's judgment finding that the claim based upon the 1985 assessment ordinance had prescribed. Accordingly, we enter judgment in rem, in the full sum of $51,132.50, in favor of the City of Opelousas and against the property owned by Robert L. Waterbury, more particularly described as one lot bounded on the north by Waterbury, on the south by South Street, on the east by Waterbury, and on the west by the Opelousas Housing Authority. All costs of this appeal are assessed against appellee.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] The above captioned case, City of Opelousas v. Robert L. Waterbury, 95-1238, was consolidated with Robert L. Waterbury v. City of Opelousas, 95-1237. We discuss the issues arising from both cases in this opinion.