711 So.2d 742 (1998)
Donald and Teri TURNER, Plaintiffs-Appellees,
v.
FLEETWOOD HOMES OF ALABAMA, INC., North River Homes, Inc., and Louisiana Mobile Homes, Inc. Defendants-Appellants.
No. 97-1510.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
Rehearing Denied May 11, 1998.
*743 Timothy O'Dowd, Lake Charles, for Donald and Teri Turner.
Robert E. Landry, Lake Charles, for Fleetwood Homes of Alabama, Inc., et al.
Before DOUCET, C.J., and SULLIVAN and GREMILLION, JJ.
DOUCET, Chief Judge.
The Defendants appeal the rendition of a default judgment rescinding the sale of a mobile home and awarding consequential damages and attorney's fees.
On April 16, 1996, Donald and Teri Turner contracted with North River Homes, Inc. to buy a new mobile home manufactured by North River Homes, Inc. (North), a division of Fleetwood Homes of Alabama, Inc. (Fleetwood). The Turners allege that they began having problems with the trailer almost immediately. Fleetwood made repairs. However, the Turners allege that the problems recurred in spite of approximately twelve repair attempts by Fleetwood. On March 10, 1997, the Turners, through counsel, sent a letter via certified mail to Fleetwood demanding recision of the sale due to redhibitory defects in the home. No response to the letter appears of record. On April 11, 1997, the Turners filed a "Petition For Recision of Sale Based on Redhibitory Defects." The suit was served via the long arm statute, with the citation being received via certified mail by R.B. Hudson, a guard at the North River Plant. On July 16, 1997, the Turners entered a preliminary default against Fleetwood and North. The default judgment was confirmed on July 25, 1997. Judgment was rendered, as follows:
(1) Return of the sales price totaling $34,995.00; However, to the extent that any portion of the sales price is duplicated by payment of the principal of the debt due under number ten (10) below, the plaintiffs shall not be entitled to double recovery thereof.
(2) Interest paid on consumer financing contract (referred to in number 10 below) from date of sale to date totaling $4,430.59;
(3) Sales tax for cost of sale totaling $2,230.82;
(4) Title fee totaling $34.00;
(5) Mental anguish for Donald Turner totaling $2,500.00;
(6) Mental anguish for Teri Turner totaling $2,500.00;
(7) Attorney's fees totaling $3,628.58;
(8) All court costs;
(9) Interest from the date of judicial demand until paid;
(10) All liabilities owed by the plaintiffs to Ford Consumer Finance Company, Inc., or its successors, which liabilities are more fully set forth in the Truth in Lending Disclosure attached and marked as Exhibit "A".
The Defendants appeal the default judgment, citing insufficient proof of service, insufficient evidence to support the entry of a default judgment and excessive damages under the applicable statutory authority.
*744 SUFFICIENCY OF THE EVIDENCE
The Defendants, through several assignments of error, argue that the evidence adduced at trial is insufficient to support the rendition of a default judgment.
The second circuit, in Meshell v. Russell, 589 So.2d 86, 88 (La.App. 2 Cir.1991), set forth the burden of proof in confirming a default judgment, as follows:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. The jurisprudence construing this article has held that in confirming a default plaintiff must prove all of the essential allegations of his petition as fully as if they had been specifically denied. In other words, plaintiff must present competent evidence she probably would have prevailed at a trial on the merits. In order to obtain reversal of a default judgment, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. [Emphasis added.]
See also Byrd v. International Paper Co., 594 So.2d 961 (La.App. 3 Cir.1992); Rhodes v. All Star Ford, Inc., 599 So.2d 812 (La.App. 1 Cir.1992).
State v. Fifteen Thousand Four Hundred Thirty-One Dollars & Other Property, 95-1334, p. 4 (La.App. 3 Cir. 3/6/96); 670 So.2d 693, 696.
The Defendants first argue that the Plaintiffs' action is governed by the provisions of the New Home Warranty Act, La.R.S. 9:3141, et seq. and that the Plaintiffs failed to introduce sufficient competent evidence to show that the home was not "free from any defect due to noncompliance with the building standards." La.R.S. 9:3144(A)(1). The Defendants further assert that the trial judge erred in awarding damages beyond those allowed by the statute. We agree that this statute is applicable to mobile homes. See Sonnier v. Bayou State Mobile Homes, Inc., 96-1458 (La.App. 3 Cir. 4/2/97); 692 So.2d 698, writ denied, 97-1575 (La.10/3/97); 701 So.2d 201. The New Home Warranty Act provides at La.R.S. 9:3150 that:
This Chapter provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.
However, as asserted by the Plaintiffs, there is another statute which also provides for warranties for mobile or manufactured homes.
La.R.S. 51:911.25[1] provides that:
A. Each new manufactured home manufactured after January 1, 1975, which is sold by a manufactured home dealer licensed by this state shall be covered by warranties of the manufacturer thereof, which warranties shall protect only the first retail purchaser of the manufactured home, for a period of one year from the date of the purchase, in accordance with the terms of the warranty hereinafter specified.
B. Each such manufactured home sold by a dealer licensed by this state shall be covered by written warranties which shall be furnished by the manufacturer and the dealer, which shall obligate them to warrant as a minimum, the following:
(1) Compliance with standards. The manufacturer shall warrant that the manufactured home complied with the Code and *745 the requirements of this Part in effect at the time that the manufactured home was manufactured.
(2) Defects. The manufacturer shall warrant that the manufactured home was manufactured free from any defects in materials or workmanship and was delivered to the dealer in such condition. Neither the manufacturer nor the dealer shall be liable under the warranty for any defect in the manufactured home which is the result of improper setup, moving, defects in work or materials done or furnished by persons other than the manufacturer or dealer, unless such setup, moving, work, or materials were done or furnished by a person under contract with, or connected by agency with such manufacturer or dealer.
C. The warranty required by this Part shall be in addition to and not in derogation of any other warranties, rights, and privileges which the buyer may have under any other law or instrument. The buyer may not waive his rights under this Part and any such waiver is hereby prohibited as contrary to public policy and shall be unenforceable and void.
This court in City of Opelousas v. Waterbury, 95-1238, p.2 (La.App. 3 Cir. 5/8/96); 674 So.2d 1128, 1133,writ denied, 96-2023 (La.11/15/96); 683 So.2d 280 (alteration in original), considered the problem of conflicting statutory authority:
According to La.Civ.Code art. 13, "[l]aws on the same subject matter must be interpreted in reference to each other." This article makes it the duty of courts to harmonize and reconcile statutes if possible. State In Interest of A.C., 93-1125 (La.1/27/94), 643 So.2d 719. However, where two statutes deal with the same subject matter and cannot be harmonized, the one which specifically addresses the matter at issue must prevail. Moolekamp v. Rubin, 562 So.2d 1134 (La.App. 4 Cir.), writ denied, 567 So.2d 108 (La.1990).
After reading both statutes, we believe that the two can be applied to this case without undermining the intent of the legislature with regard to either. It appears that while the New Home Warranty Act applies to all sales of new homes, the Uniform Standards Code for Mobile Homes and Manufactured Housing (USCMH) provides additional warranties to purchasers of mobile or manufactured homes. However, the evidence presented by the Plaintiffs does not appear to be sufficient to establish a prima facie case under either statute. There was no testimony either as to the violation of applicable standards or as to the cause of the problems experienced by the Plaintiffs. Therefore, the default judgment rendered herein must be vacated. Having so found, we need not consider the Defendants' remaining assignments of error.
Accordingly, the default judgment rendered by the trial court is vacated. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are to be paid by the Plaintiffs.
VACATED AND REMANDED.
NOTES
[1] This statute is part of the Uniform Standards Code for Mobile Homes and Manufactured Housing, La.R.S. 51:911.21, et seq.