I ¿EDWARDS, Judge.
Defendant/appellant Adda Carpet and Flooring Inc. appeals a default judgment granted by the district court in favor of plaintiff Dale J. Madere, in the amount of $9,066.00. Because we find that Madere did not present the proof of the demand sufficient to establish a prima facie case, we set aside the judgment on appeal.
Madere filed suit in proper person on May 3, 1999. Made defendants were Grandlake Construction Company, its president Antonio V. Caracci, Adda Carpet and Flooring Inc. and its president Kare-lyn Judge. Madere alleged that water damage to the floors in certain areas of his home necessitated replacement of those floors, and that he contracted these repairs with Grandlake. According to the petition, Grandlake subcontracted the job to Olde Tyme Interiors who installed new flooring. However, Madere alleged that cracks began to appear in the surface and eventually, Grandlake subcontracted with Adda to replace the Rfloors. Madere alleged that Adda did not properly prepare the surface and that the resulting floor was uneven. Grandlake answered the petition and filed a third party demand against Olde Tyme. Adda did not file an answer.
On June 17, 1999, Madere filed a motion for a preliminary default and on that same day, noting that it could not confirm the default at that timé, the trial court took evidence for purposes of confirmation. The evidence consisted of testimony by Madere and two estimates for repair of the defective floors. On July 7, 1999, Madere returned to court in another attempt to confirm the preliminary default. On this occasion, Madere testified that Mr. Carac-ci, on behalf of Grandlake, looked at the floor installed by Olde Tyme and agreed to replace it. Caracci hired Adda who took *830 up the existing flooring and laid the planking over the concrete without proper patching and foundation. There were indentations in the floor which Adda refused to repair. Mr. Madere brought five photographs of a defective area.
Under LSA-C.C.P. Art. 1702, a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. The jurisprudence construing this article has held that in confirming a default plaintiff must prove all of the essential allegations of his petition as fully as if they had been specifically denied.[1]
In other words, plaintiff must present competent evidence [s]he probably would have prevailed at a trial on the merits. In order to obtain reversal of a default judgment, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does |4not apply where the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent.[2]
The instant case is clearly a demand on a contract.
When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima fa-cie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.[3]
When a writing is not required by law, a contract with a value in fexcess of $500.00, and not reduced to writing, must be proved by at least one witness and other corroborating circumstances.[4] Although a party may offer his own testimony in support of such claim, the other circumstances which corroborate the claim must come from a source other than the plaintiff.[5] Only general corroboration is required, it is not necessary that a plaintiff offer independent proof of every detail. The question of whether evidence presented is sufficient to corroborate a claim under article 1846 is a finding of fact to be made by the trier of fact and will not be overturned unless it is clearly wrong.[6]
In the present case, the only evidence supplied to the court was the testimony of Mr. Madere, photographs of the floor, and estimates of repair. Although there was some evidence of a defective floor, there was no corroborating evidence of the existence of a contractual relationship between |BMadere and Adda in the record. For this reason alone we find the trial court was clearly wrong and that we must set aside the default judgment.
In addition, we note there is no evidence in the record of service of process on Addo. Although Madere attaches a copy of a certificate from the Clerk of court evidencing personal service on Ms. Judge, this court is prohibited from considering *831 evidence attached to briefs that does not appear in the record.[7]
For the foregoing reasons, the default judgment is set aside and the matter is remanded to the trial court.
DEFAULT JUDGMENT SET ASIDE; REMANDED.

. See Meshell v. Russell, 589 So.2d 86, 88 (La.App. 2 nd Cir.1991); Turner v. Fleetwood Homes of Alabama, Inc. 97-1510 (La.App. 3 rd Cir. 4/1/98), 711 So.2d 742, 744.

. Turner v. Fleetwood Homes of Alabama, Inc., supra.

. C.C.P. art. 1702(B)(1).

.LSA-C.C. art. 1846.

. Gulf Container Repair Services, Inc. v. FIC Business & Financial Centers, Inc., 98-1144 (La.App. 5th Cir. 3/10/99), 735 So.2d 41, 43.

. Gulf Container Repair Services, Inc. v. FIC Business & Financial Centers, Inc., 98-1144 (La.App. 5th Cir. 3/10/99), 735 So.2d 41, 43.

. State v. Property Located at No. 70 Oakland Street, 98-929 (La.App. 5 th Cir. 1/26/99), 727 So.2d 1240, 1244; writ denied 99-1095 (La.9/3/99), 747 So.2d 540.