JjDECUIR, Judge.
The City of Opelousas filed this in rem action against Warren Phillips to enforce a paving lien filed against certain property owned by Phillips. Phillips appeals both the trial court’s judgment on an exception of prescription and its judgment in the City’s favor on the merits of the claim.
In 1979, the City assessed certain landowners in North Park Subdivision a percentage of the costs incurred for paving the neighborhood streets. Pursuant to La. R.S. 33:3306, the assessment was recorded on December 11, 1979, in the mortgage records for St. Landry Parish and serves as a hen and privilege on the real estate therein assessed. The assessment was reinscribed on May 12, 1988, and again on May 20, 1996. It was payable by the landowners in ten annual installments. City records show that one installment of the assessment was paid on March 4, 1981. When Phillips acquired the property later that year, he made no further payments on the assessment. The City filed this suit on April 29,1999.
Under Title 33 of the Louisiana Revised Statutes, municipalities have the right to assess property owners for the cost of street paving and other such improvements. La.R.S. 33:3306 provides that the assessment must meet certain notice requirements and is effectuated by the adoption of an ordinance. If payment of the assessment is not made within thirty days, the property owner is presumed to have exercised the right to make installment payments pursuant to La.R.S. 33:3306(C). The governing body has the authority to establish the túne period for installment payments, so long as the period does not exceed twenty years. La.R.S. 33:3746(A) provides that any claim, lien, or privilege arising from an assessment prescribes three years after the date the last installment is due. Finally, La.R.S. 33:3746(0 allows for the reinscription of the ordinance levying the assessment and specifically states that “[ujpon reinscription, prescription on a claim for payment of local or special ^assessments shall be interrupted and the lien or privilege securing the claim shall be continued ... for a period of ten years.”
In his exception of prescription, Phillips questioned whether the prescriptive period established in § 3746 can be interrupted by reinscription before the final installment of an assessment is due and payable. More specifically, he argues that if the last installment payment of the assessment was due in 1990, then prescription to enforce such payment did not begin to run until 1990 and expired in 1993; Phillips contends that reinscription in 1988 was without effect because the prescriptive period had not yet begun to run.
The trial judge found no merit to Phillips’ argument that the 1988 reinscription was premature and without effect. We agree. The law does not prohibit early reinscription. Neither La.R.S. 33:3746(C) nor the general rule pertaining to reinscription codified at Article 3334 of the Civil Code prevent a lien holder from reinscribing his privilege at any time “before the effect of recordation ceases.” Id. Because reinscription affects third parties and has effects beyond prescription, the right to reinscribe a privilege is not depen-dant on, or intertwined with, the prescription rules pertinent to the statutes at issue herein. Accordingly, we affirm the trial court’s conclusion that the 1988 and 1996 reinscriptions continued the effects of the original 1979 recordation, thereby extending the applicable prescriptive period.
The second issue raised by Phillips is whether the trial judge erred in awarding interest and attorney fees pursuant to La. R.S. 33:3306. Phillips argues that under *717 § 3306(C), interest and attorney fees would be allowed in this case only if the City had proceeded against the property within thirty days of default. Phillips cites City of Opelousas v. Waterbury, 96-1238 (La.App. 3 Cir. 5/8/96); 674 So.2d 1128, writ denied, 96-2023 (La.11/15/96); 683 So.2d 280, in support of his argument. Our | ¡¡reading of both the statute and pertinent jurisprudence leads us to the conclusion that the award of interest was correct but the award of attorney fees was in error.
The trial court awarded interest in the amount of 6.73% per annum from the date of judicial demand until paid, on the principal sum due of $1,719.00. The interest awarded was the amount prayed for in the City’s petition and constitutes judicial interest. It was properly awarded by the trial judge. The award of attorney fees was calculated at 10% of the principal and interest due. Section 3306(C) provides for acceleration of installment payments and allows for an award of attorney ' fees in certain circumstances:
The failure to pay any installments or the interest thereon when due, shall ipso facto cause all other installments and the interest thereon to become due and payable and the municipality shall within thirty days from date of such default, proceed against the property for the collection of the total amount due thereon, including interest, plus ten percent additional on the principal and interest of the past due installment or installments or ten percent of the amount sued for, and in the event judgment is necessary to effect collection, ten percent of the amount of the judgment rendered, as attorney’s fees. Provided that, said attorneys’ fees shall be payable by the property owner only if demand by the governing authority of the municipality through registered or certified mail has been made on the property owner and he has failed to pay the amount due within ten days after such demand.
In this case, the City chose not to enforce the acceleration provision, and thereby waived its right to collect attorney fees under that provision. See Waterbury, at p. 7, 674 So.2d 1128, 1134. Furthermore, the record contains no evidence that proper demand was made as required by the statutory language quoted above. Accordingly, we find the award of attorney fees is not supported by the evidence and must be reversed.
For the foregoing reasons, that portion of the trial court’s judgment awarding attorney fees in the amount of 10% of the principal and interest due is reversed; the City is not entitled to any award of attorney fees. In all other respects, the judgment's affirmed. Costs of this appeal are assessed equally to Phillips and to the City of Opelousas, to the extent allowed by law.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.