926 So.2d 587 (2006)
JOHN CHERBONNIER CONSTRUCTION
v.
BIG EASY ROOFING, INC. and Barbara Silvers.
No. 05-CA-803.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2006.
*588 Rodney J. Madere, Attorney at Law, Metairie, Louisiana, for Defendant/Appellant.
Brian T. Carr, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Defendant/appellant, Barbara Silvers, appeals a trial court judgment that awarded $6,213.36 in satisfaction of a workman's lien filed by plaintiff. For the reasons that follow, the judgment of the trial court is reversed.

FACTS AND PROCEDURAL HISTORY
Defendant/appellant, Barbara Silvers, through her husband, David Bergeron, entered into a contract with Big Easy Roofing, Inc. ("Big Easy") on August 30, 2002 to perform a range of repairs to a home that Silvers owned in Jefferson Parish.[1] Silvers remitted $4,000 to Big Easy as an advance deposit on a job that was quoted at $11,000. Claiming that all of the work had been performed,[2] on October 7, 2002, Big Easy sent an invoice to Silvers for the balance of $6,250 owed under their contract.
On October 15, 2002, John Cherbonnier ("Cherbonnier"), owner of John Cherbonnier Construction, Inc., sent a certified letter to Silvers, asserting that he was a filing an Affidavit to Preserve Lien for work and supplies performed and supplied in conjunction with construction on her property, which was completed on or about September 21, 2002. The amount of the lien was for $6,213.36, plus attorney's fees.
On November 19, 2002, counsel for Silvers and Bergeron sent a letter to Big Easy demanding that Big Easy return her $4,000 deposit because "not all of the repairs were made" and "[t]he roof installed on the new front porch leaks and is defective." The letter further acknowledged the material man/labor lien filed by Cherbonnier as Big Easy's subcontractor.
On August 29, 2003, Cherbonnier filed suit in First Parish Court for the Parish of Jefferson against Big Easy Roofing and Barbara Silvers. Silvers answered the suit and further filed a cross claim against Big Easy, alleging that the work at issue was never completed and was defective. Because of its failure to appear and answer, the court awarded Silvers $4,000 *589 with legal interest against Big Easy on January 11, 2004.[3]
A bench trial on the matter was held on June 23, 2005. On June 30, 2005, the trial court found in favor of Cherbonnier, awarding him the sum of $6,213.36, plus interest and costs. Silvers timely filed the present appeal.

LAW AND ARGUMENT
In her second assignment of error, Silvers asserts that the trial court erred in holding that Cherbonnier presented sufficient corroborating evidence to prove the existence of an oral contract exceeding five hundred dollars in value.
Inasmuch as this appeal turns on factual determinations by the trial judge, we must review the record using the manifest error-clearly wrong standard of appellate review. That standard was recently reviewed by our supreme court in Cenac v. Public Access Water Rights Ass'n,[4]
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court's finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide if it would have found the facts of the case differently, the reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221.
LSA-C.C. art. 1846 provides:
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
In the present case, Cherbonnier testified at trial. Cherbonnier stated that, in September of 2002, he contracted with by Bob Pegues, President of Big Easy Roofing Company, to perform work at 4004 Rivage Court in Metairie. Cherbonnier testified that he had, in fact, performed the work for a cost of $6,213.36. Cherbonnier entered into evidence receipts, his company's payroll register, and his lien affidavit, all of which he claims support his lien on Silvers' property. Cherbonnier also entered pictures into evidence of the property that he took himself, which he contends prove that he performed the work.
In regard to oral contracts in excess of five hundred dollars, this Court noted in Madere v. Adda Carpet and Flooring:[5]
When a writing is not required by law, a contract with a value in excess of $500.00, and not reduced to writing, must be proved by at least one witness and other corroborating circumstances. Although a party may offer his own testimony in support of such claim, the other circumstances which corroborate the claim must come from a *590 source other than the plaintiff. Only general corroboration is required, it is not necessary that a plaintiff offer independent proof of every detail. The question of whether evidence presented is sufficient to corroborate a claim under article 1846 is a finding of fact to be made by the trier of fact and will not be overturned unless it is clearly wrong.[6]
(Emphasis added; footnotes with citations omitted.)
In Madere, we considered a similar issue of what evidence would constitute "sufficient corroboration" in circumstances involving an oral contract. In that case, the plaintiff sued a subcontractor on the basis that it had improperly installed flooring in his home. In our review, this court summarized the evidence presented as follows:
In the present case, the only evidence supplied to the court was the testimony of Mr. Madere, photographs of the floor, and estimates of repair. Although there was some evidence of a defective floor, there was no corroborating evidence of the existence of a contractual relationship between Madere and Adda in the record....[7]
Based on the foregoing, we reversed the trial court's default judgment against the defendant.
In the case of Deubler Elec. Inc. v. Knockers of Louisiana, Inc.,[8] the plaintiffs performed substantial electrical work to a building that was leased by the defendant. When the defendant failed to pay for the work, plaintiff filed a lien against the property and ultimately prevailed at trial. As in the present case, there was no written contract between the plaintiff and either the lessee or the property owner. At trial, the plaintiff introduced copies of the lien filed, a written quotation for services, and correspondence to the defendant. Further, the owner and president of the plaintiff company testified as to the scope of the work performed. On appeal, however, we reversed the trial court based, in part, on what we deemed to be an absence of corroborating evidence regarding an oral contract. Specifically, we noted that there was not sufficient testimony to prove that an oral contract was created between the plaintiff and the defendant.
Similarly, in the present case, all of the extrinsic evidence presented to establish an oral contract came from Cherbonnier himself. While Cherbonnier testified that he had an agreement with Big Easy Roofing, Inc. to serve as a subcontractor, the record reflects that there was no independent corroboration of his claim. As per our holdings in Madere and Deubler, supra, we find that the trial court clearly erred in qualifying Cherbonnier's exhibits as "corroborating evidence" sufficient to establish an obligation on the part of Silvers.
Because of this finding, we will pretermit discussion of appellant's remaining assignment of error.
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed. Costs are assessed to the appellee.
REVERSED.
CANNELLA, J., dissents with reasons.
CANNELLA, J., dissenting with reasons.
I respectfully disagree with the majority opinion. The Plaintiff was a subcontractor who provided materials and labor in making improvements on the Defendant *591 Silvers' immovable property. The Plaintiff testified regarding the agreement he had with the contractor and produced exhibits evidencing receipts for materials, his payroll register, a job report, his bill to the contractor and pictures of the finished work. The Plaintiff also filed in evidence his lien affidavit and demand letter. The trial judge found that based on the foregoing, the Plaintiff had adequately proven his entitlement to payment by the owner of the property for the materials and labor used to make improvements to her immovable property.
The majority reverses the trial court judgment on a finding that the oral contract between the subcontractor and contractor was not adequately proven by evidence corroborating the Plaintiff's testimony regarding the contract. In my view this is not proper grounds for reversal.
First, I disagree that the evidence presented does not adequately corroborate the Plaintiff's testimony of the contract. The existence of the contract was not disputed and the Plaintiff was questioned at length by defense counsel regarding the terms of the contract. Further, the determination of whether the corroborating evidence was adequate is a question of fact which can only be overturned by a finding of manifest error. On the record before us, I cannot say that the trial judge was clearly wrong in finding that the evidence adequately corroborated the contract.
More importantly, however, I do not find that the existence or terms of the contract between the Plaintiff and the contractor is dispositive of this case. Under the Private Works Act, the subcontractor who supplies materials for improvements to immovable property has a right of action for payment from the owner of the immovable property and a right to secure a lien for payment on the property. The contract between the subcontractor and contractor is not relevant to the claim where proof as required of the delivery and use of materials is presented.
Accordingly, although the proof may not be sufficient to support the total amount awarded, I find the record amply supports the trial court finding of liability and, therefore, dissent from the majority opinion reversing the trial court judgment rendered in favor of the subcontractor.
NOTES
[1] The contract, which was entered into evidence, stipulated that Big Easy would

dismantle and remove the front porch. Save the columns and reuse. Then reconstruct including changing the pitch of the flat roof to drain forward. Work includes new roof of modified bitumen and joining existing shingle roof. All trim and paints. Change gutters in front of house. In rear we will change fascia board. Renail ceiling. Caulk all seams smooth and paint. Remove all trash from job site.
[2] Big Easy provided a $750 credit for "work not done," although it is not clear what tasks were not completed.
[3] The record indicates that this award was discharged in a subsequent bankruptcy filing by Big Easy.
[4] 02-2660, pp. 9-10 (La.6/27/03), 851 So.2d 1006, 1023.
[5] 00-194 (La.App. 5 Cir. 9/26/00), 770 So.2d 828.
[6] Id. at 830.
[7] Id. at 830.
[8] 95-372 (La.App. 5 Cir. 11/15/95), 665 So.2d 481.