562 So.2d 1134 (1990)
Lillian C. MOOLEKAMP
v.
Dr. Richard L. RUBIN, et al.
No. 89-CA-2141.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
*1135 Roy A. Raspanti, New Orleans, for Lillian C. Moolekamp and Claude Moolekamp.
Stephen T. Wimberly, Hall, Lentini, Mouledoux & Wimberly, Metairie, for defendants-appellants.
Before LOBRANO, WARD and ARMSTRONG, JJ.
WARD, Judge.
The medical review panel in this case rendered an opinion favorable to the plaintiffs. The Administrator of the Louisiana Patient's Compensation Fund seeks review of an adverse judgment designating and awarding as costs of court the expenses incurred in convening the medical review panel under La.R.S. 40:1299.47.
Mr. and Mrs. Moolekamp successfully litigated their medical malpractice claim in the Trial Court against Dr. Richard L. Rubin and the Louisiana Patient's Compensation Fund (hereinafter "the Fund"). This court affirmed. See Moolekamp v. Rubin, 531 So.2d 1124 (La.App. 4 Cir.1988). Among the elements of damages awarded the Moolekamps by the Trial Court were "costs of these proceedings."
The Fund paid the amount of the Moolekamps' judgment but refused to pay the costs of convening the medical review panel, arguing those costs are not "costs of these proceedings", and therefore may not be taxed to the Fund. Plaintiffs prevailed in the Trial Court on a motion seeking an order decreeing that the $1,750.00 sum expended by the Moolekamps for the review panel are costs of court payable by the Fund.
The Fund appeals arguing that taxing the costs of the medical review panel against the Fund conflicts with La.R.S. 40:1299.47I(2)(b) which provides generally, for payment of cost by the party receiving a favorable opinion.
The claimant shall pay the costs of the medical review panel if the opinion of the medical review panel is in favor of said claimant. However, if the claimant is unable to pay, the claimant shall swear under oath to the attorney chairman on the medical review panel that said claimant cannot afford the costs of the medical review panel as they accrue, then the costs of the medical review panel shall be paid by the health care provider, with the proviso that if claimant subsequently receives a settlement or receives a judgment, the advance payment of the medical review panel costs will be offset.
Plaintiffs argue C.C.P. art. 1920 as authority for the imposition of payment of costs upon the party cast in judgment, and that "Except as otherwise provided by law" means that unless a statute specifically states that it is an exception to La.C.C.P. *1136 art. 1920, a court may render judgment for costs as it deems proper.
Art. 1920. Costs; parties liable; procedure for taxing
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Art. 1920 is apparently directed to the apportionment of cost between parties, while the issue here is what are "costs" to be taxed. Hence more appropriate is La. R.S. 13:4533.
§ 4533 Costs of officers, depositions etc., taxed as costs
The costs of the clerk, sheriff, witness' fees costs of taking depositions and copies of acts used on the trial, and all costs allowed by the Court, shall be taxed as costs.
As a general rule, however, only costs provided for by positive law are taxable against the party cast in judgment. Gore v. American Motorists Ins. Co., 244 So.2d 894 (La.App. 1st Cir.) 1971, cert. den. 02 258 La. 363, 246 So.2d 683.
Rules of statutory construction dictate that the words and phrases contained in statutes should be read and construed according to their context and common usage of the language. La.R.S. 1:3. Legislation should be interpreted in a manner to give it effect rather than to render it meaningless, and to be reasonable and logical rather than leading to absurd or unintended consequences. State v. Union Tank Car Company, 439 So.2d 377 (La. 1983). It is apparent that the statute intends that costs will be paid by the party who receives a favorable opinion from the medical review panel regardless of whether the prevailing party is claimant or defendant. Additionally, if the claimant cannot pay, the health care provider must; but the health care provider can offset the cost against any judgment.
When a health care provider elects coverage under the Medical Malpractice Act, La. R.S. 40:1299.39 et seq., a suit for damages before a hearing is held by a medical review panel is premature. Because a claimant cannot come into Court until a hearing has been held, there is great merit in plaintiff's argument that costs of the medical review panel is a cost of court.
On the other hand, the medical review panel gives to claimants in a court of law an opportunity to use expert opinion that may not otherwise be available and which has traditionally been difficult to obtain. La.R.S. 40:1299.47(H) provides:
Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify. A panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed by this Part.
Thus, the hearing before the medical review panel is not entirely without benefit to the plaintiff, as this case demonstrates.
While it seems to this Court that the better rule is to allow the successful trial litigant to recoup the expenses of the review panel, we are, nevertheless, constrained by the clear dictates of R.S. 40:1299I(2)(b). Where two statutes deal with the same subject matter and cannot be harmonized, the statute specifically addressing the matter at issue must prevail over the statute more general in nature. Delta Development Company, Inc. v. Plaquemines Parish Commission Council, 451 So.2d 134 (La.App. 4 Cir.1984).
Applying the foregoing principles to the Moolekamp case, the Trial Court's award of medical review panel costs to Moolekamp is contrary to La.R.S. 40:1299.47I(2)(b). The judgment of the lower court on this *1137 issue is reversed and judgment is entered herein in favor of the Fund.
REVERSED and RENDERED.