645 So.2d 1248 (1994)
C.E. MORAN
v.
Douglas C. HARRIS and Continental Baking Company.
No. 93 CA 2227.
Court of Appeal of Louisiana, First Circuit.
November 10, 1994.
*1249 Jerald P. Block, Thibodaux, for plaintiff-appellant.
Jason Lyons, Houma, for defendants-appellees.
Before EDWARDS, SHORTESS and LEBLANC, JJ.
SHORTESS, Judge.
This is an appeal from a judgment assessing an unsuccessful plaintiff with a $3,500.00 witness fee for an expert who was retained by defendants but who did not testify at trial.
The facts of this case are fully set forth in the case of Moran v. Harris, 93-2226, 645 So.2d 1244 (La.App. 1st Cir.1994) decided this date. Briefly, Cecil E. Moran (plaintiff) sued Douglas C. Harris and his employer, Continental Baking Company (defendants), contending he suffered injuries as a result of an automobile accident. The jury found Harris caused the accident but the accident did not cause plaintiff's injuries. The trial court entered judgment in defendants' favor, dismissing plaintiff's suit and casting plaintiff for all costs.
In a separate judgment, the trial court cast plaintiff with the expert witness fee of Dr. Whitman McConnell, a physician. McConnell was retained by defendants. He was twice deposed by plaintiff, for discovery purposes, before trial. McConnell was unable to testify during the trial due to an injury. Plaintiff contends the trial court abused its discretion in casting it in judgment for the witness fee of an expert who did not testify, citing Louisiana Revised Statute 13:3666(A). That statute provides:
Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
(Emphasis added.)
Defendants contend in brief that the fee assessed by the court "was not an attempt to amend the expert witness fees previously set by the court in its judgment after the trial on the merits and was limited to setting fees for their discovery testimony." Without citation of authority, defendants contend the trial court's power to include McConnell's fees for two pretrial discovery depositions in court costs assessed against plaintiff is inherent in its authority to control discovery.
The law is well settled that the only costs which may be taxed against a litigant are those provided for by positive law. Succession of Franz, 242 La. 875, 880, 139 So.2d 216, 218 (1962); Moolekamp v. Rubin, 562 So.2d 1134, 1136 (La.App. 4th Cir.), writ denied, 567 So.2d 108 (La.1990); Gore v. American Motorists Ins. Co., 244 So.2d 894, 896 (La.App. 1st Cir.), writ denied, 258 La. 363, 246 So.2d 683 (1971). There is no positive law providing that the cost of pretrial discovery depositions not used at trial may be taxed as court costs. Indeed, there is law to the contrary.
*1250 Revised Statute 13:4533 provides that the "costs of taking depositions ... used on the trial ... shall be taxed as costs." In Succession of Franz, the supreme court held that the phrase "used on the trial" means introduced and accepted into evidence. If a deposition is not so used at trial, the cost of that deposition, including the deponent's fee for giving the deposition, may not be taxed as costs.
McConnell was not entitled to an expert witness fee under Revised Statute 13:3666(A) because he was not "called to testify in court." See Collins v. Texaco, Inc., 607 So.2d 760, 769 (La.App. 1st Cir.1992); Mercer v. Fruehauf Corp., 492 So.2d 538, 544 (La.App. 3d Cir., writ denied, 496 So.2d 350 (La.1986). His deposition was not "used on the trial," which precludes the taxing of his fee as costs under Revised Statute 13:4533. Thus, the trial court abused its discretion in taxing as court costs the fees McConnell charged plaintiff for pretrial deposition testimony. Plaintiff's alleged failure to pay those fees is a contractual matter between plaintiff and McConnell and not a matter of court costs.
The judgment of the trial court taxing plaintiff with McConnell's expert witness fee of $3,500.00 as additional court costs is reversed, and defendants are taxed with all costs of this appeal.
REVERSED.