927 So.2d 383 (2005)
Barry GAUTHIER, Individually and as Natural Tutor of Jacob Gauthier and Bryce Gauthier
v.
Alton WILSON, Salvation Army, Liberty Mutual Ins. Co., Edward Trusclair, Divinity Transport, Inc., Penske Truck Leasing, Inc., Empire Indemnity Ins. Co.
Allison Amoroso
v.
Alton Wilson, the Salvation Army, Divinity Transport, Inc., Penske Truck Leasing, Zurich Ins. Co., Empire Indemnity Ins. Co., and Edward Trusclair
Nathan Ryan Landry
v.
Alton Wilson, the Salvation Army, Divinity Transport, Inc., Penske Truck Leasing, Zurich American Ins. Co., Empire Indemnity Ins. Co., and Edward Trusclair
Amy and Brad Pace, Individually and on Behalf of Their Minor Child Lyndon Pace, and Amy Pace on Behalf of Her Minor Child, Blair Copeland
v.
Alton Wilson, the Salvation Army, Divinity Transport, Inc., Penske Truck Leasing, Zurich American Ins. Co., Empire Indemnity Ins. Co., and Edward Trusclair
Christopher S. Evans, and Anita Evans, Individually and on Behalf of Their Minor Children, Zachary Evans, Mason Evans, and Parker Evans
v.
Alton Wilson, the Salvation Army, Divinity Transport, Inc., Penske Truck Leasing, Zurich American Ins. Co., Empire Indemnity Ins. Co., and Edward Trusclair
Keith and Ardra Odendahl, Individually and on Behalf of Their Minor Child Brooke Odendahl
v.
Alton Wilson, the Salvation Army, Divinity Transport, Inc., Penske Truck Leasing, Zurich American Ins. Co., Empire Indemnity Ins. Co., and Edward Trusclair
Norbert Russell Landry, III
v.
Alton Wilson, the Salvation Army, Divinity Transport, Inc., Penske Truck Leasing, Zurich American Ins. Co., Empire Indemnity Ins. Co., and Edward Trusclair
Norbert Russell Landry, Jr.
v.
Alton Wilson, the Salvation Army, Divinity Transport, Inc., Penske Truck Leasing, Zurich American Ins. Co., Empire Indemnity Ins. Co., and Edward Trusclair.
Nos. 2004 CA 2527, 2004 CA 2528, 2004 CA 2529, 2004 CA 2530, 2004 CA 2531, 2004 CA 2532, 2004 CA 2533, 2004 CA 2534.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
Writ Denied March 31, 2006.
*385 Robert M. Marionneaux, Jr., Lewis O. Unglesby, Baton Rouge, for Plaintiffs-Appellees Barry Gauthier, et al.
Brian L. Williams, Baton Rouge, for Plaintiffs-Appellees Allison Amoroso; Nathan Ryan Landry; Amy and Brad Pace, et al.; Christopher Evans, et al; Keith Odendahl, et al.; Norbert Russell Landry, Jr.; and Norbert Russell Landry, III.
W. Ransom Pipes, Baton Rouge, for Intervenor State Farm Mutual Automobile Ins. Co.
David T. Butler, Jr., Baton Rouge, for Intervenor American Interstate Ins. Company.
*386 Brenda H. Verbois, Franklin J. Foil, Baton Rouge, Howard B. Kaplan, Metairie, for Defendant-Appellant Empire Insurance Company.
Frank Tomeny, III, Baton Rouge, for Defendant-Appellant Edward Trusclair.
Todd Crawford, Susan A. Daigle, Lafayette, for Defendants-Appellants Alton Wilson and the Salvation Army.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, defendant insurance company appeals from two separate judgments in which the trial court assessed over $85,000.00 in costs against it following a jury trial.

FACTS AND PROCEDURAL HISTORY
In these consolidated cases, the plaintiffs filed suit claiming damages resulting from personal injuries and four fatalities arising out of the same vehicular collision. Prior to the trial of this matter, several defendants were dismissed, leaving defendant insurance company, Empire Indemnity Insurance Company ("Empire"), as the sole remaining defendant for trial purposes. Following a lengthy trial, the jury returned a verdict in favor of the plaintiffs and against Empire, awarding plaintiffs damages totaling $6,931,555.42 and casting Empire for 60 percent of said damages plus judicial interest and costs.[1] Thereafter, the plaintiffs filed two motions for costs, outlining the various costs associated with the trial of this matter. The court heard argument from the parties on July 26, 2004, and subsequently, on August 17, 2004, signed two judgments in accordance with its findings on the cost issue.
In the first judgment, concerning the motion to tax costs filed by the Gauthier plaintiffs ("the Gauthier judgment"), the trial court ordered that Empire pay a total of $62,808.91 in court costs for the following:

 1. Filing fees with the clerk of court $ 2,023.10
 2. Expert fees of Randy Rice, Economist $ 1,340.00
 3. Deposition costs of Kaiser Court Reporting $ 842.43
 4. Expert fees of Stress Dynamics, Accident Reconstruction $ 3,102.86
 5. Expert fees of Fay Engineering, Accident Reconstruction $54,405.02
 6. Deposition costs of Curren-Landrieu, LLC $ 1,095.50

In the second judgment ("the Amoroso judgment"), the trial court ordered that Empire reimburse the Amoroso plaintiffs $26,058.11 plus the actual costs paid to the East Baton Rouge Parish Clerk of Court (as determined by the Clerk). These costs were broken down into the following categories:

 1. Deposition costs of Kaiser Court Reporting $ 408.43
 2. Expert fees of Stress Dynamics, Accident Reconstruction $12,588.56
 3. Expert fees of Fay Engineering, Accident Reconstruction $ 9,741.12

 4. Deposition costs for Dr. Michael A. Frierson $ 1,220.00
 5. Expert fees of Cary Rostow, Psychologist $ 2,100.00

It is from these judgments that Empire has appealed, assigning the following specifications *387 of error:
I. The trial court erred in assessing deposition costs for depositions not used at trial, expert witness fees for experts who did not testify at trial and expert witness fees for time plaintiffs failed to prove was in preparation for trial.
II. The trial court erred in assessing 100% of the costs to defendant.

COSTS FOR DEPOSITIONS
On appeal, Empire argues that the costs awarded against it for the depositions of Alton Wilson, Linda Thomas, Edward Trusclair, Robert Cooper, and Mike Sutton should be disallowed because they were not used for trial purposes. Empire asserts that because only portions of these depositions were introduced rather than the entire depositions, the costs associated with same are not recoverable. Empire relies on La. R.S. 13:4533 and Moran v. Harris, 93-2227 (La.App. 1 Cir. 11/10/94), 645 So.2d 1248, as support for its position.
It is well settled in Louisiana that the trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Samuel v. Baton Rouge General Medical Center, 99-1148, pp. 7-8 (La.App. 1 Cir. 10/2/00), 798 So.2d 126, 131-132. The only costs taxable against a litigant are those provided for by positive law. Degruise v. Houma Courier Newspaper Corp., XXXX-XXXX, p. 9 (La.App. 1 Cir. 3/28/02), 815 So.2d 1074, 1081, writs denied, XXXX-XXXX, XXXX-XXXX (La.6/21/02), 819 So.2d 342, 345. Thus, in order to determine whether the costs of the depositions in question are taxable as costs against Empire, it is necessary that they fall within the purview of La. R.S. 13:4533, which provides as follows: "The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs." As set forth by the Louisiana Supreme Court in Succession of Franz, 242 La. 875, 139 So.2d 216, 218-219 (1962), the language of La. R.S. 13:4533 "is explicit and must be held to include all depositions, whether taken for proof of a claim or the defense of a claim, or for discovery purposes, provided the depositions are `used on the trial,"' which "the Legislature intended that their introduction and acceptance in evidence would constitute such use." If a deposition is not so used at trial, the cost of that deposition, including the deponent's fee for giving the deposition, may not be taxed as costs. Moran, 93-2227 at p. 3, 645 So.2d at 1250.
In the instant case, the record reflects that certain pages from the depositions of Linda Thomas, Edward Trusclair, Robert Cooper, and Mike Sutton were shown to the jury during the trial. We can find no requirement in either La. R.S. 13:4533 or applicable jurisprudence that the entire deposition be introduced in order for the cost of same to be taxable against a litigant. Thus, Empire's argument to the contrary is without merit. However, our inquiry does not end here. We must determine whether these deposition excerpts were "used on trial" as contemplated by La. R.S. 13:4533.
Our review of the record reveals that excerpts from Mr. Sutton's deposition were the only ones used at trial for impeachment purposes. See La.Code Civ. P. art. 1450. The other deposition excerpts were simply introduced during expert testimony to support or corroborate the expert's opinions, a use that does not, in this court's opinion, satisfy the requirement of La. R.S. 13:4533. Moreover, with regard to the deposition of Alton Wilson, this court can find no reference in the record where any portions thereof were introduced *388 and accepted in evidence. For these reasons, we agree that the cost associated with Mr. Sutton's deposition ($452.10 of the $1,095.50 awarded in the Gauthier judgment for deposition costs of Curren-Landrieu, LLC) is a valid cost that can be taxed against Empire. However, the costs associated with the depositions of Linda Thomas, Edward Trusclair, Alton Wilson, and Robert Cooper ($842.43 in the Gauthier judgment and $408.43 in the Amoroso judgment) are not recoverable.

EXPERT WITNESS FEES
Empire argues on appeal that the plaintiffs did not produce the direct evidence necessary to support the court's award of $65,146.14 for the testimony of Ric Robinette. Noting that some of Mr. Robinette's expenses were for work done prior to trial that did not involve preparation for trial or actual trial testimony, Empire cites Wingfield v. State ex rel. Dept. of Transp. and Development, XXXX-XXXX (La.App. 1 Cir. 5/14/04), 879 So.2d 766, and Wampold v. Fisher, XXXX-XXXX (La.App. 1 Cir. 6/26/02), 837 So.2d 638, as support for its argument. Empire further asserts that the $15,691.42 ($3,102.86 in the Gauthier judgment and $12,588.56 in the Amoroso judgment) in costs associated with the fees for Mike James is not recoverable because Mr. James "was not called as an expert at trial, his deposition was not used at trial and he did not incur any time in preparing or testifying at trial."
Louisiana Revised Statutes 13:3666 sets out the general rule regarding compensation of expert witnesses and provides, in pertinent part, as follows:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
In Wingfield, this court discussed the assessment of expert witness fees and explained what evidence a litigant must introduce to be successful on a motion to tax costs.
Experts are only entitled to reasonable fees and related costs. Neither the agreement between the hiring party and the expert, nor the bill submitted to the court, binds the court's decision. Factors to be considered by the trial court in setting expert fees and related costs include: the time spent testifying at trial, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of work performed, and the knowledge, attainments, and skill of the expert. Additional considerations include the helpfulness of the expert's testimony to the court, the amount in controversy, *389 the complexity of the problem addressed by the expert, and awards to experts in similar cases. While an expert may receive fees for preparatory work, this is limited to the work done in preparation for trial, not consultations that only assist the attorney in his preparation for trial. Experts who testify by deposition may also have their fees taxed as costs, provided that their depositions have been introduced as evidence.
In setting expert fees and related costs for in-court time, such as testimony and depositions submitted at trial, the trial court may rely upon its own in-court observations and experiences, without further proof. However, for work done or expenses incurred outside the courtroom, such as time spent gathering facts in preparation for trial testimony and time spent away from regular duties, the plaintiff in rule must submit competent and admissible evidence. Unless the parties stipulate to the specifics and costs of the out-of-court work, the expert must testify at the trial, or a subsequent hearing on the rule to tax costs, and be subject to cross-examination. Thus ... the mere assertions of an attorney and the expert via the submitted bill, even in conjunction with an expert's affidavit attesting to the correctness and truth of the billing statement, are not sufficient. This is especially true for complex, protracted litigation that has produced high expert fees and related costs.
Wingfield, XXXX-XXXX at pp. 6-7, 879 So.2d at 770 (citations omitted). See also Wampold, XXXX-XXXX at pp. 2-4, 837 So.2d at 640-641.

Expert Fees of Mike James
A review of the two judgments in this case reveals that the trial court awarded a total of $15,691.42 ($3,102.86 in the Gauthier judgment and $12,588.56 in the Amoroso judgment) for the fees of Stress Dynamics, Inc. and Mike James. According to the record, Mr. James was hired as an expert by the Amoroso plaintiffs but was never called to testify at trial as the Amoroso plaintiffs relied instead on the testimony of the Gauthier plaintiffs' expert, Mr. Robinette. Although portions of Mr. James' deposition were referred to by other witnesses during trial, this does not satisfy the requirement that the deposition be "used on the trial" as set forth in La. R.S. 13:4533. Thus, the costs associated with Mr. James' work on this case are not recoverable. See Moran, 93-2227 at p. 3, 645 So.2d at 1250.

Expert Fees of Ric Robinette
In the Amoroso judgment, the trial court ordered that Empire reimburse the Amoroso plaintiffs $9,741.12 for the costs they paid to Fay Engineering Corporation for Mr. Robinette's testimony. According to the record, counsel for Empire objected to this amount as being "a little high" but conceded that $9,741.12 represented the Amoroso plaintiffs' share of the costs associated with Mr. Robinette's trial preparation and testimony. Given these circumstances and mindful of the great discretion we must afford the trial court in awarding expert witness fees, we find no error in the court's award of $9,741.12 to the Amoroso plaintiffs.
With regard to the Gauthier judgment, the court awarded the Gauthier plaintiffs $54,405.02 for Mr. Robinette's fee. Although Mr. Robinette's invoice does not appear in the record before us, it is clear from the record that a significant portion of the amount awarded as costs represented "work done or expenses incurred outside the courtroom" and that counsel for Empire did not "stipulate to *390 the specifics and costs of the out-of-court work." See Wingfield, XXXX-XXXX at pp. 6-7, 879 So.2d at 770. Moreover, Mr. Robinette did not testify at the hearing regarding the motion to tax costs. Without more direct evidence on the value of the out-of-court claims, and their relevance to Mr. Robinette's opinion, the trial court had no basis to determine the reasonableness of these claims. Wingfield, XXXX-XXXX at pp. 8-9, 879 So.2d at 771. Accordingly, the court's award of $54,405.02 for Mr. Robinette's fees must be reversed and the matter remanded for either stipulations or an evidentiary hearing, and further proceedings consistent with this opinion.

ASSESSMENT OF COSTS
The jury verdict in the underlying trial on the merits found Empire's insured to be 60 percent at fault. Empire argues that the trial court erred by casting all court costs against it, contending that it should have been cast with only 60 percent of the court costs in accordance with the jury's allocation of fault.
While the assessment of costs may be made to reflect the percentage of negligence attributable to each party, the trial court may assess costs in any equitable manner pursuant to La.Code Civ. P. art. 1920. This article has been liberally interpreted as granting broad discretion to the trial court. Russell v. Snelling Personnel, 2001-2134, p. 9 (La.App. 1 Cir. 10/9/02), 835 So.2d 672, 678-679. Upon review, an appellate court will not disturb the trial court's fixing of costs absent an abuse of the sound discretion afforded the trial court. MCI Telecommunications Corp. v. Kennedy, XXXX-XXXX, p. 11 (La. App. 1 Cir. 3/24/05), 899 So.2d 674, 681. In the present case, we do not find the trial court abused its discretion in taxing Empire with all of the costs. The plaintiffs' claims in the underlying action resulted in a jury verdict in the plaintiffs' favor based on a substantial assessment of fault against Empire's insured. Under these circumstances, we find no abuse of discretion in the trial court's allocation of all costs against Empire.

CONCLUSION
For the above and foregoing reasons, we amend that portion of the Gauthier judgment that awarded $1,095.50 in deposition costs of Curren-Landrieu, LLC to reflect that only $452.10 are recoverable as costs associated with the deposition of Mike Sutton. We reverse the court's award of $842.43 for the depositions of Alton Wilson, Linda Thomas, and Edward Trusclair. We reverse the award of $3,102.86 for the expert fees of Stress Dynamics, Inc. and Mike James. We reverse the court's award of $54,405.02 for Ric Robinette's fees and remand the matter for either stipulations or an evidentiary hearing, and further proceedings consistent with this opinion. In all other respects, the Gauthier judgment is affirmed. With regard to the Amoroso judgment, we reverse that portion of the judgment that awarded $408.43 for the depositions of Alton Wilson, Linda Thomas, and Edward Trusclair and we reverse the court's award of $12,588.56 for the expert fees of Stress Dynamics, Inc. and Mike James. In all other respects, the Amoroso judgment is affirmed. All costs associated with this appeal are assessed equally amongst the parties.
GAUTHIER JUDGMENT REVERSED IN PART; AMENDED, AND AS AMENDED AFFIRMED; REMANDED. AMOROSO JUDGMENT REVERSED IN PART, AFFIRMED IN PART.
NOTES
[1] In an unpublished opinion rendered this same date, we addressed Empire's appeal from the judgment on the merits. See Gauthier v. Wilson, 2004-2045 through 2004-2052 (La.App. 1 Cir. 11/4/05), 913 So.2d 896.