McCLENDON, J.
Appellants seek review of a judgment that taxed them with all court costs following a trial on the merits. Appellants also seek review of the reasonableness of the amounts taxed. For the following reasons, we amend the judgment and affirm the judgment as amended.
FACTS AND PROCEDURAL HISTORY
A bench trial in the underlying matter was held on July 8-11, 2014. Thereafter, the matter was taken under advisement and all parties were permitted to file post-trial briefs.
On October 27, 2014, the trial court issued written Reasons for Judgment. The trial court signed a written judgment on December 9, 2014.[1] In its December 9, 2014 judgment, -the trial court ordered, adjudged,' and decreed that “St. James Behavioral Health - Hospital, Inc., Rama Kongara, M.D., Lance Bullock, M.D., and Wendell B. Smith, are hereby cast with 66 2/3% of the costs of this proceeding.”
On March 27, 2015, Gopinath Gopalam, Sevenhills Healthcare, LLC, and Apollo Management Consultants, LLC (hereinafter “appellees”) filed a “Post Trial Motion to Tax Expert Witness Fees as Costs.”
On July 6, 2015, the appellees’ motion was scheduled for hearing, but the trial court agreed to conduct a full evidentiary hearing and determined that it could not do so without the testimony of the former trial judge. Judge Ralph Tureau, who was the trial judge who rendered the December 9, 2014, judgment, had retired and the matter was now before a different district court judge.
On August 13, 2015, St. James Behavioral Health Hospital, Inc., Rama Kongara, M.Í)., Lance Bullock, M.D., and Wendell Smith (hereinafter “St. James”), filed a “Cross-Motion to Tax Expert Witness Fees as Costs,” requesting that the appel-lees be cast with 33 1/3% of the costs incurred by appellants.
liiOn September 5, 2015, both motions came before the trial court. Judge Tureau testified at . the hearing that the CPA experts and healthcare experts for both parties were helpful and informative. Judge Tureau testified that he relied on each party’s experts equally. Judge Tureau also, stated that the “costs of this proceeding,” as provided in the December 9, 2014, *642 final judgment, were not intended to address expert witness fees because he lacked sufficient information at the time regarding the witness fees.
Appellees introduced into evidence invoices supporting their claims for costs in the amount of $90,255.25, which included $61,968.75 for their CPA expert, Phillip Monteleone, $27,286.50 for them healthcare expert, William Waring, and a $1,000.00 fee relative to taking the deposition of St. James’s CPA expert Jason MacMorran. St. James also introduced into evidence invoices of its claims for costs in the amount of $37,007.15, which included $25,802.50 for their CPA expert, Jason MacMorran, $10,129.65 for their healthcare expert, Heath Veuleman, and $1,075.00 in fees relative to taking the depositions of appellees’ experts, Phillip Monteleone and William Waring.
After the hearing, the trial court took the matter under advisement. The trial court subsequently issued a written judgment on September 18, 2015, that cast St. James with 100% of appellees’ expert witness fees, but reduced those fees by 20%. As such, ' appellees were awarded $72,204.20, or 80% of their total costs submitted.[2] The trial court dismissed St. James’s claim for reimbursement.
St. James has appealed the September 18, 2015, judgment, assigning the following as error:
1. That the Trial Court abused its discretion in awarding Appellees’ expert witness fees;
2. That the Trial Court abused its discretion in failing to cast Appellees with 33 1/3% of their own costs associated with this proceeding;
3. That the Trial Court abused its discretion in failing to award [St. James] any costs associated with this proceeding;
|44. That the Trial Court abused its discretion in awarding Appellees $72,204.20, or 80%, of their costs associated with this proceeding; and
5. That the Trial Court ... abused its discretion by finding that Appellees’ expert witness fees were reasonable.
We will address the assignments of error in the order in which they were briefed.
DISCUSSION
Under LSA-R.S. 13:3666, LSA-R.S. 13:4533, and LSA-C.C.P. art.1920, the trial judge has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs and related expenses. Bourgeois v. Heritage Manor of Houma, 96-0135 (La.App. 1 Cir. 2/14/97), 691 So.2d 703, 706. While the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems just, even against the party prevailing on the merits. See LSA-C.C.P. art.1920 and Bourg v. Cajun Cutters, Inc., 14-0210 (La.App. 1 Cir. 5/7/15), 174 So.3d 56, 73.
An expert witness is entitled to reasonable compensation both for his court appearance and for his preparatory work. Bourgeois, 691 So.2d at 708. Factors to be considered by the trial judge in setting an expert witness fee include the time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Id. Additional considerations include helpfulness of the expert’s report and testimony to the trial court, the *643 amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases. Id. Most importantly, expert witnesses are entitled only to reasonable compensation. Id. The amount agreed upon between an expert witness and the party calling him is not the criterion to be used by the court in assessing expert fees. Id.
In its first assignment of error, St. James contends that the trial court abused its 'discretion in awarding appellees any costs for expert witness fees. St. James notes that Judge Tureau, who presided over the trial and issued the | ^December 9, 2014, judgment awarding costs, testified that he did not address expert fees, but only court costs associated with the proceeding.
In their related second assignment of error, St. James argues that the trial court erred in ordering St. James to pay 100% of appellees’ expert witness fees (after 20% reduction) when the December 9, 2014, judgment only cast St. James with 66 2/3% of the court costs. St. James submits that the trial court cannot subsequently unilaterally amend the prior judgment to reallocate those percentages.
In opposition, appellees note that Judge Tureau testified that the December 9, 2014, judgment to allocate court costs did not address expert witness fees. Appel-lees assert, especially in light of Judge Tureau’s testimony, that the trial court was not bound by Judge Tureau’s allocation of court costs among the parties when he made the decision to allocate expert witness fees.
In the December 9, 2014, judgment, the trial court allocated 66 2/3% of the “costs of this proceeding” to St. James. The trial court’s written judgment is controlling, even if the trial judge may have intended otherwise. McGee v. Wilkinson, 03-1178 (La.App. 1 Cir. 4/2/04), 878 So.2d 552, 554 (citing Stoffer v. Stoffer, 29,458 (La.App. 2 Cir. 5/7/97), 693 So.2d 1229, 1231). As noted above, reasonable expert witness fees are included , in permissible costs for which a party may be cast. See Washington v. Lyons Specialty Co., 96-0263 (La.App. 1 Cir. 11/8/96), 683 So.2d 367, 381, writ denied, 96-2944 (La.1/31/97), 687 So.2d 408.
Because the December 9, 2014, judgment was final, substantive amendments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. Suprun v. Louisiana Farm Bureau Mut. Ins. Co., 09-1555 (La.App. 1 Cir. 4/30/10), 40 So.3d 261, 268. Although three appeals have been filed to seek review of the December 9, 2014, judgment, no party has sought to modify the manner in which Judge Tureau allocated costs in the December 9, 2014, judgment. Because reasonable expert fees would be included within the cost of the proceedings and | ¡¡the costs were previously allocated, the only issues before the trial court on the motions to tax expert witness fees as costs were what, if any, expert fees were to be awarded. Accordingly, we amend the judgment to reduce the costs due from St. James to 66 2/3%.
In its fourth and fifth assignment of error, St. James seeks review of the reasonableness of the amounts awarded by the-trial court for appellees’ expert witness fees. St. James asserts that the fees submitted by appellees’ experts were highly unreasonable and were excessively incurred. To illustrate, St. James notes that the bills for appellees’ expert CPA, Mr. Monteleone, were 2.4 times higher than those submitted by St. James’s CPA, Mr, MacMorran. St. James also notes that the bills for appellees’ healthcare expert, Mr. Waring, were 2.7 times higher than those *644 submitted by St. James’s healthcare expert, Mr. Veuleman.
St. James also contends that a comparison of the amounts appellees sought in their suit versus what they were awarded in the December 9, 2014, judgment, further illustrates' the unreasonableness ' of the expert fees awarded. St. James notes that while appellees sought to recover $787,920.00 for breach of the Billing Services Agreement, $1,468,000.00 for breach of the Management Contract, and $649,274.00 for breach of the Employment Contract, all amounts testified to by Mr. Monteleone, the trial court only awarded plaintiffs $120,000.00, $258,535.00, and $610,000.00, respectively, on those claims. St. James asserts that these comparisons show that the trial court did not rely on the experts’ calculations. Accordingly, St. James submits that the expert witness fees awarded to appellees must be reversed or reduced.
Significantly, while appellees did not recover the entire amounts they sought, ap-pellees were successful on the three above-referenced claims.[3] Moreover, appellees note that their experts were not called to testify solely on appellees’ claims but to address St. James’s claims as well.
|7St. James does not challenge any specific charges on the bills from either Mr. Monteleone or Mr. Waring, nor does St. James assert that any of the charges were unnecessary for the experts’ court appearances and for their preparatory work. Rather, St. James generally contends .that the amounts awarded are not reasonable. In rendering the award in this case, we note that the trial court reduced the amount sought by appellees by 20%. Following our review of the record in the companion appeal along with the record in this appeal, particularly including the bills submitted by the appellees’ experts, we cannot conclude that the trial court abused its discretion in rendering these awards. St. James’s fourth and fifth assignments of error are without merit.
In its third assignment of error, St. James contends that the trial court abused its discretion in failing to- award it any costs and offset those due to appellees. St. James maintains that in accordance with the December 9, 2014, judgment, ap-pellees remain responsible for 33 1/3% of the costs of the proceedings.[4]
Judge Tureau, the trial judge who considered the merits, noted that St. James’s CPA, Mr. MacMorran, “was helpful and informative” and that he “considered] both of the account experts” when he rendered the judgment. Similarly, Judge Tu-reau also indicated that he relied upon both health experts equally, specifically noting the complexity of the compliance regulations, and that the testimony of both “was helpful.” In light of Judge Tureau’s testimony, we conclude that the trial court abused its discretion when it only awarded appellees’ expert witness fees.
Because the trial court abused its discretion in failing to render an award for St. James’s expert witness fees and we have the entire record before us, we will determine the amounts to be awarded de novo. See Arias v. Stolthaven New Orleans, L.L.C., 08-1111 (La.5/5/09), 9 So.3d 815, 818 (“When the court |8of appeal finds that a reversible legal error or manifest error of material fact was made in the trial *645 court, the court of appeal is required to determine the facts de novo from the entire record and render a judgment on the merits.”) At the hearing on the motions to tax costs, detailed itemized statements for both Mr. MacMorran and Mr. Veuleman were introduced into evidence without objection. Considering the time both experts spent testifying, the helpfulness of both to the trial court, the complexity of the problems addressed, the awards to appellees’ experts and awards in similar cases, and following review of the itemized statements of both experts, we conclude Mr. Veuleman’s expert witness fee of $10,129.65 and Mr. MacMorran’s expert witness fee of $19,357.50[5] are reasonable and should be taxed as court costs. Therefore, we will amend the judgment to tax these amounts totaling $29,487.15, as court costs, with 33 1/3% of these costs, or $9,829.05, to be paid by appellees.[6]
CONCLUSION
For the foregoing reasons, we amend the September 18, 2015, judgment to the extent that it cast St. James Behavioral Health Hospital, Inc., Rama Kongara, M.D., Lance Bullock, M.D., and Wendell Smith with 100% of appellees’ expert witness'fees, and reduce the percentage allocated to appellants to 66 2/3%, or $48,136.13. We also amend the judgment to tax the expert witness fees of Jason MacMorran and Heath Veuleman totaling $29,487.15 as court costs, and order appel-lees, Gopinath Gopalam, Sevenhills Healthcare, LLC, and Apollo Management Consultants, LLC, to pay 33 1/3% of these costs, or $9,829.05. The judgment is | ¡¡affirmed in all other respects. Costs of this appeal are assessed to appellees, Gopi-nath Gopalam, Sevenhills Healthcare, LLC, and Apollo Management Consultants, LLC.
JUDGMENT AMENDED, AND AFFIRMED AS AMENDED.

. All parties other than Sevenhills LLC have appealed the December 9, 2014 judgment. An opinion in those three appeals is also being rendered on this date. See St. James Behavioral Health Hospital v. Gopinath Gopalam, 2015-1210 (La.App 1 Cir.-/-/16).

. No party challenges the calculations made by the trial court.

, We recognize that Dr. Bullock and Dr. Kon-gara were successful in having the sale of their stock rescinded and that appellees were not awarded relief for all claims raised in their reconventional demand.

. While we note that the judgment specifically “cast [St. James] with 66 2/3% of the costs of this proceeding," with no correlative judgment rendered against appellees, we can deduce that the allocation to appellees would be the remaining 33 1/3%.

. While St. James submits that Mr. MacMor-ran's expert witness fee totaled $25,802.50, our review of the record only reflects a total of $19,357.50 in itemized charges. Specifically, Mr. MacMorran's invoices submitted into evidence are as follows:
Invoice Number 847608 $ 2,250.00
Invoice Number 846704. $4,195.00
Invoice Number 845152 $12,912.50
$19,357.50

. We find no abuse of the trial court’s discretion in declining to tax $1,075.00 in fees relative to St. James’ taking the depositions of appellees’ experts, Phillip Monteleone and William Waring. St. James has not pointed out nor have we been able to find on reasonable review of the voluminous record where the deposition of either expert was introduced at trial. See Barrilleaux v. Franklin Foundation Hosp., 96-0343 (La.App. 1 Cir. 11/8/96), 683 So.2d 348, 361, writ denied, 96-2885 (La.1/24/97), 686 So.2d 864, and Gauthier v. Wilson, 04-2527 (La.App. 1 Cir. 11/4/05), 927 So.2d 383, 387, writ denied, 05-2402 (La.3/31/06), 925 So.2d 1258.