McClendon, j.
. | RA former spouse seeks review of a trial court judgment that ordered her ex-husband to, pay spousal support arrearages, but limited the arrearages sought because the trial court concluded that the former spouses had compromised all arrearages allegedly due prior to February 2015. For the following reasons, we amend the trial court’s judgment and affirm, as amended.
FACTS AND PROCEDURAL HISTORY
Lorraine Gilardi and Benny P. Gilardi, Sr., who were married for 43 years, divorced in 2002. In accordance with a consent judgment signed in 2002, the parties agreed that Benny would pay Lorraine an award of final spousal support- in the amount of $150.00 per month, plus the premiums of Lorraine’s automobile and homeowner’s insurance policies. The judgment did not specify the costs of Lorraine’s automobile insurance ' and homeowner’s insurance, given that these premiums could change over time. Benny paid Lorraine’s automobile insurance directly to the insurance carrier each month, and Benny paid Lorraine -directly each month for the monthly pro rata share of the annual homeowner’s insurance premium.
In May 2016, Lorraine filed a “Rule to Compel and for Contempt.” The rule to compel concerned certain discovery Lorraine sent to Benny arising from issues related to a supplemental partition.[1] Regarding the rule for contempt, Lorraine asserted that Benny, despite being repeatedly advised ■ that Lorraine’s homeowner’s insurance had increased, had failed to pay a sufficient amount to cover the increased homeowner’s insurance, beginning in 2010. ¡Lorraine alleged that if Benny continued to pay the amount he was paying at the time the rule was filed, Benny-would owe a balance of.$5,205.55 by February 2017.[2] Lorraine prayed that the amount sought be made executory, and sought attorney’s fees and court costs for preparation and prosecution .of the rule.
Is At the hearing on Lorraine’s, rule on September 27, 2016, the motion to compel was resolved by joint stipulation of the parties. In connection with the motion to compel, the parties also agreed that Benny would pay “fees of $500.00 plus court costs.”
At the contempt hearing held :that same date, Lorraine testified that due to her strained relationship with Benny, she never discussed spousal support with him. Rather, her friend, Tammy McCauley, was the one who communicated with Benny regarding the amount due for homeowner’s insurance. Tammy testified that she would meet Benny each year in February and would show him the homeowner’s bill. She further indicated that when the homeowner’s insurance increased, she would ask Benny to pay more, and although Benny generally did pay more, “he .didn’t pay enough.” According to Tammy, in February 2015, when the yearly homeowner’s insurance increased significantly, *533 Benny stated that he would not pay any additional amount for the homeowner’s insurance. Benny did not begin to pay the increased insurance rate of $82.00 per month until August 2016.. Moreover, Lorraine admitted that prior to February 2015, she had never told Benny that he was not paying the full amount due because communications-were through Tammy.
Benny testified that he did not know how .much in spousal support he had actually paid from February 2010 through February 2015. However, Benny testified that he paid whatever increase Tammy told him to pay until February 2015. When Tammy told Benny about the additional $82.00 per month increase in the homeowner’s insurance in February 2015, Benny indicated he did not begin paying an additional amount because he had not been shown proof of the increased sum. Benny testified that when he was shown such proof in August 2016, he began paying the increased amount at that time.
Following the hearing, the trial court found that Benny was not in contempt of court and that he did not owe any arrear-ages allegedly due prior to February 2015, insofar as those arrearages had been compromised between the parties. However, the trial court found that Benny owed $1,558.00 to Lorraine, representing the ar-rearages in | ¿Benny’s spousal support payments from February 2015 through the date of hearing. Specifically, the trial court reasoned, in part:
[I]t occurs to the Court that no matter what was meant for a period of time [by the 2002 consent judgment] ,,. that there were compromises between the parties - [from February 2010 through February 2015] as to how much [Benny] was to pay oh the homeowners insurance on a monthly basis.
This was done through a third party. He is never given the written homeowners [insurance statement]. He is apparently shown it, or apparently there was some discussion about that when they would meet, he and Miss Tammy, at the Abbey. But to me, it appears that the parties agreed to compromise between them. Nothing was filed. He paid more in response to being asked to pay more. There’s no evidence that he was given a precise figure to pay [between February 2010 and February 2015] that would have equaled the actual amount that was owed until February 2015.
Beginning February 2015, he clearly, at that point in time, is asked to pay the total amount. He doesn’t respond in a good way to that, which a lot of people, án $82 a month increase might shock them a little bit, particularly at your clients’ ages; and I am sure they have rather fixed incomes at this ‘ point in time. That’s difficult for both of them.
But, clearly, then, he does know how much that it’s risen; that apparently they don’t have agreements as to how much more he is to. pay, and he begins to pay by check.
The Court is making a finding that from February 2015 on that he owes the difference in what.the true amount of the homeowners insurance was. They clearly had no agreement from that point on to discount it for, any intents and purposes, no matter what the earlier agreement was 14 years ago, and that he does owe the sum of $1558.
The court ordered the parties to split the total court costs, but. was silent on the issue of attorney fees, leaving each party responsible for their own attorney fees. The court also, in accordance with the parties’ agreement, ordered Benny to pay Lorraine “the sum of $500.00 in full satisfaction of the Rule to Compel.”
*534 Lorraine has appealed, assigning the following as error:
1. The Trial Court was manifestly erroneous in finding that Lorraine Gi-lardi’s friend, Tammy McCauley, was an agent authorized by Lorraine Gilardi to compromise the spousal support due.
2. The Trial Court was manifestly erroneous in finding the parties had compromised the amount of spousal support due.
3. The Trial Court was manifestly erroneous is voiding the court cost stipulation between the respective counsel for the parties.
4. The Trial Court was manifestly erroneous in failing to award attorney’s fees and court costs to Mrs. Gilardi for the Contempt Rule, even | ^though the court found that Mr. Gilardi’s spousal support obligation was in arrears.
DISCUSSION
In her first two related assignments of error, Lorraine contends that the trial court manifestly erred in finding that her friend, Tammy McCauley, was an agent authorized to compromise the amount of spousal support due. Lorraine contends that the transcript is devoid of any reference made by her to Tammy to authorize any compromise, nor does the record disclose that Tammy was Lorraine’s agent.
On appeal, Benny does not dispute that he owed arrearages arising from his failure to pay the increased homeowner’s insurance from February 2015 through August 2016. However, Benny asserts that February 2015 is the earliest instance in which there is uncontested testimony that he did not pay the full spousal support obligation. Benny avers that the testimony shows that on numerous occasions between February 2010 and February 2015, Tammy asked Benny to pay more to comply with his spousal support obligations and that Benny generally did. Benny concludes that, he did not owe any arrearages prior to February 2015.[3]
The trial court found that any outstanding sums due prior to February 2015 had been compromised. A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. LSA-C.C. art. 3071. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. LSA-C.C. art. 3072. In the instant case, there is no writing or recitation in open court reflecting that the parties agreed to compromise any amount of alleged arrearages due.
Moreover, we recognize that the discussions regarding payments due were between Benny and Tammy. As such, even if Tammy were Lorraine’s agent, authority must be expressly given by the principal to the agent to enter into a compromise. LSA-C.C. art. 2997(5). There is no evidence that Lorraine gave Tammy any such authority. Cf. Marietta Trust v. J.R. Logging Inc., 16-1136 (La.App. 1 Cir. 5/11/17), 225 So.3d 1144, 2017 WL 1960525. Accordingly, the trial court erred in concluding the parties compromised any al *535 leged arrearages due prior to February 2015.
At the contempt hearing, Lorraine testified that beginning in 2010, Benny paid $200.00 per month in spousal support for three years, then he paid $220.00 per month in spousal support for a period of two years, and then he paid $240.00 per month in spousal support- for a period of eighteen months. Thereafter, in August 2016, he began paying $322.00 per month in spousal support. Therefore, over this 79-month period Benny paid a total of $17,122.00 in spousal support.[4]
Lorraine introduced her homeowner’s insurance bills for each year from 2010/2011 through 2016/2017. The homeowner’s insurance premium over this period of time totaled $10,125.55. As such, the total amount due in accordance with the consent judgment would be $21,975.55 (representing $150.00 per month spousal support for a period of 79 months and the total of the homeowner’s insurance premium due for that 79-month period). Accordingly, we will amend the judgment to reflect that the arrearage due is $4,853.55.[5]
In her fourth assignment of error, which we now address for purposes of clarity prior to addressing assignment of error number three, Lorraine contends that the trial court was manifestly erronéous in failing to award her attorney fees. Specifically, Lorraine cites Louisiana Revised Statutes 9:875(A), which 'provides:
When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made1 by a-spouse* to the other spouse’s education or training, it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.
Pursuant to LSA-R.S. 9:375(A), Lorraine notes that the trial court found that Benny was past due in his spousal support obligation, and the court rendered judgment in favor of |.7Lorraine. Lorraine submits that Benny failed.to show good cause, and she should have been awarded attorney fees in accordance with LSA-R.S. 9:375(A).
The trial court has much discretion in determining whether good cause exists under LSA-R.S. 9:375(A) in deciding whether to award attorney’s fees and costs and that decision should not be overturned absent.an abuse of that-discretion. See Duncan v. Duncan, 408 So.2d 449, 451 (La.App. 1 Cir. 1981) and Chauvin v. Chauvin, 46,365 (La.App. 2 Cir. 6/22/11), 69 So.3d 1192, 1199. Considering the record, we do not find that the trial court abused its -discretion in determining that Benny established good cause for his failure to pay the total amount of spousal support due. Specifically, Benny testified that he was not aware that his payments made prior to February 2015 were insufficient to cover the rising iomeowner’s insurance. Additionally, although Benny did not initially pay the higher amount after Tammy informed him of the rising homeowner’s cost in February 2015, Benny testified that he began paying the. higher amount in August 2016, when he was shown proof that the bill had increased. As the trier of fact, the trial court was free to *536 accept, in whole or in part, the testimony of any witness. Succession of Wagner, 08-0212 (La.App, 1 Cir. 8/8/08), 993 So.2d 709, 722. When factual findings are determinations regarding credibility of witnesses, the manifest error standard demands that great deference be accorded to the trier of fact’s findings. Succession of Wagner, 993 So.2d at 722. Linder these circumstances, we cannot conclude that the trial court abused its discretion in failing to award attorney fees under LSA-R.S. 9:375(Á). Assignment of error number four is without merit.
In her third assignment of error, Lorraine contends that the trial court manifestly erred in voiding the stipulation reached between respective counsel- regarding court costs. Lorraine notes that on the morning of the hearing, the parties agreed “on the. [motion to] compel, we discussed fees of $500 plus court costs,?’ and the court accepted the stipulation. As such, Lorraine contends that the trial court manifestly erred when it cast Benny with- only half the court costs. .
We note that in its judgment, the trial court, in accordance with the parties’ agreement, ordered Benny to pay Lorraine “$500.00 in full satisfaction of the Rule to | sCompel, which amount was paid by defendant in open court on September 27, 2016.” The judgment further ordered that the parties split court costs.
Louisiana Code of Civil Procedure article 1920 grants the trial court discretion to assess costs in' any equitable manner. This article has been liberally interpreted as granting broad discretion to the trial court. Upon review, an appellate court will not disturb the trial court’s fixing of costs absent an abuse of the sound discretion afforded the trial court, Gauthier v. Wilson, 04-2527 (La.App. 1 Cir. 11/4/05), 927 So.2d 383, 387, writ denied, 05-2402 (La. 3/31/06), 925 So.2d 1258.
In assessing costs, the trial court noted that Lorraine’s pleading included two motions in a sole pleading—a motion to compel and a motion for contempt. The parties specifically limited the stipulation to the “motion to compel.” The trial court, noting that it did not find Benny in contempt and finding that-all issues were, included in one pleading chose to split the court costs between the parties. Moreover, while LSA-R.S. 9:375(A) provides that costs -be assessed in favor of the prevailing party when a court makes past-due spousal support payments executory, for the reasons stated above, we cannot find that the trial court abused its discretion in concluding that good cause existed for Benny’s failure to pay the total amount of spousal support due. Accordingly, given the trial court’s findings and the fact that both motions were raised in one pleading, we likewise find no abuse of discretion in the trial court’s assessment of costs. Assignment of error number three is without merit.
CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court to reflect that the arrearage due is $4,853.55, and we maintain the trial court’s arrearage pay1 ment schedule. The judgment is affirmed in all other respects. Costs of this appeal are to be split between the parties.
JUDGMENT AMENDED AND AFFIRMED, AS AMENDED.

. Lorraine filed a “Petition for Supplemental Partition,” asserting that Benny’s pension was omitted from the commuhity property partition. That matter is still pending before the trial court.

. The annual renewal. date for the homeowner's insurance was February of each year.

. An action to make executory arrearages of spousal support payments is subject to a liber-ative prescription of five years. LSA-C.C. art. 3497.1. Although some arrearages went beyond the five-year window, the trial court agreed with Lorraine’s position that each partial payment was deemed an acknowledgment and interrupted the prescriptive period. However, the issue of prescription was not assigned as error on appeal.

. Although Benny does not know the amounts he paid, Benny does not challenge the amount Lorraine testified that she received from him over the 79-month period.

. This amount is lower than that sought in the motion for contempt because the pleadings sought the total amount of-homeowner’s insurance due through February 26, 2017. However, the hearing was held on September 27, 2016.